[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12267
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-14240-WJZ

BILLY LEON KEARSE,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 3, 2011)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Billy Leon Kearse, an inmate on Florida's death row, appeals the

district court's dismissal of his federal habeas petition as untimely. We find that

the district court applied the incorrect standard to evaluate the timeliness of his petition, resulting in the failure to consider compelling evidence that the petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Instead of applying the "clear and convincing" standard of 28 U.S.C. § 2254(e)(1), the district court applied § 2254(d) to evaluate the reasonableness of the state court's original dismissal. We therefore vacate the district court's order and remand for consideration of the petition's timeliness in light of the appropriate evidence.

The crux of this appeal concerns whether a standard, one-page verification document accompanied Kearse's initial motion for postconviction relief, which the state court docketed on October 3, 2001. The state circuit court dismissed without prejudice the initial motion as noncompliant with Florida Rule of Criminal Procedure 3.851. The state circuit court later clarified this dismissal when it denied Kearse's motion for rehearing and explained that Kearse's initial motion "did not have attached, incorporated, or appended to it, an oath which conforms with the requirements of [Rule 3.851]."

On June 20, 2002, Kearse filed a motion to vacate his conviction and sentence, which the state court considered on the merits. The Florida Supreme Court ultimately denied relief on Kearse's postconviction motion, *Kearse v. State*, 969 So. 2d 976 (Fla. 2007), and on his successive motion, *Kearse v. State*, 11 So.

3d 355 (Fla. 2009). On July 16, 2009, Kearse filed in federal district court the petition that is the subject of this appeal. On November 22, 2010, the district court dismissed Kearse's petition as untimely, and this appeal followed. We review *de novo* the district court's dismissal of a habeas petition on timeliness grounds. *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). This one-year limitations period is tolled while a "properly filed" application for state postconviction relief is pending in state court. *Id.* § 2244(d)(2). AEDPA further requires federal courts to defer to a state court's determination of a factual issue, though it permits a petitioner to rebut those determinations by clear and convincing evidence. *Id.* § 2254(e)(1). This is not the same as § 2254(d), which prohibits a federal court from *granting habeas relief* unless the state court's *adjudication of a claim* resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)–(2).

The district court's order dismissing Kearse's petition conflated § 2254(d) with § 2254(e)(1) such that the court did not consider key evidence of the petition's timeliness: the time-stamped copies of the initial motion and verification showing that the state court received both on October 3, 2001, at 9:53 a.m. Kearse's failure to present these documents to the state court is irrelevant,[1] as AEDPA does not require presentation to the state court in this instance. *Compare* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."), *with* 28 U.S.C. § 2254(d)(2) (prohibiting federal courts from granting habeas relief unless "*adjudication of the claim* . . . resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphases added). The district court's § 2254(d) evaluation has no place in determining the timeliness of Kearse's petition, as the

---

[1]*See* District Court Order at 19 ("While Mr. Kearse may now present a compelling case for the fact that his Verification was filed along with his motion on October 3, 2001, it is not the same case he presented to the state court. Because, under the AEDPA, a federal habeas court reviews the state court's adjudication and determines that it 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the state court proceeding*.'" (citing 28 U.S.C. § 2254(d)(1)–(2))). As stated above, this § 2254(d) analysis is inapplicable when the federal court is not reviewing the state court's adjudication of a claim for relief. Instead, § 2254(e)(1) provides the appropriate standard here.

state court's conclusion that it was improperly filed in the first instance is a finding of fact—not "adjudication of [a] claim" under § 2254(d). *See Fahy v. Horn*, 516 F.3d 169, 180 (3d Cir. 2008); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct. 2641, 2647 (2005) (explaining that "claim" in another AEDPA provision means "an asserted federal basis for relief from a state court's judgment of conviction").

Here, the state courts found as a matter of fact that Kearse's initial motion "did not have attached, incorporated, or appended to it, an oath which conforms with the requirements of [Rule 3.851]." AEDPA permits Kearse the opportunity to rebut this fact with clear and convincing evidence that the verification was in fact so appended, without regard to the reasonableness of the state court's decision. *See* 28 U.S.C. § 2254(e)(1). The district court did not fully evaluate the "compelling case" that Kearse presented, and we are in no position to make this finding in the first instance. We therefore vacate the order of the district court and remand for consideration of whether Kearse can present clear and convincing evidence to rebut the state court's factual finding that the verification page was not attached to Kearse's initial motion.

**VACATED AND REMANDED.**