[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15857
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-14255-DLG


ASHER JONES,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 5, 2012)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Asher Jones, a Florida state prisoner proceeding through counsel, appeals

the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. After review of the record and consideration of the parties' briefs, we affirm the district court's decision on the ground that Jones's § 2254 petition was untimely filed under the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

## I.  BACKGROUND

### A.    State Court Proceedings in Florida

A jury convicted Jones of (1) burglary with intent to commit a battery and (2) sexual battery. Jones entered the victim's home at night, climbed into the bed where the victim and her husband slept, and sexually penetrated the victim. The state court sentenced Jones to a total of 40 years in prison.

On April 18, 2007, after a direct appeal, the Florida Fourth District Court of Appeal ("DCA") affirmed Jones's convictions. On May 24, 2007, the DCA denied Jones's motion for a rehearing. Ninety days later, on August 22, 2007, the time expired for Jones to file a petition for a writ of certiorari in the U.S. Supreme Court.

Thus, on August 22, 2007, the AEDPA one-year limitations period for filing a federal habeas petition began to run. Jones did not file his federal habeas

petition until September 29, 2010.  This appeal concerns whether his post-conviction motions in state court tolled AEDPA's limitations period.

## B.    Post-Conviction Rule 3.850 Motions

In state court, on March 11, 2008, Jones filed a counseled motion for post-conviction relief under the Florida Rule of Criminal Procedure 3.850.  This first Rule 3.850 motion was signed by Jones's counsel, but not by Jones himself.  As discussed below, Florida law requires that Rule 3.850 post-conviction motions be signed by the defendant and contain the defendant's oath.  Fla. R. Crim. P. 3.987(1).

On April 21, 2008, Jones's counsel filed a supplemental Rule 3.850 motion that sought to add two additional claims for relief.  Jones did not sign this motion either.

On the same date, however, Jones's counsel filed an affidavit by Jones that provided, in pertinent part: "I have read and hereby affirm that all the factual allegations and conclusions of fact and law contained in my Motion For New Trial and memorandum of Law are true and correct."  The counseled affidavit contained no express reference to the earlier, or even supplemental, Rule 3.850 motions.

On September 26, 2008, but more than a year after AEDPA's one-year limitations period began to run, Jones's counsel finally filed a new Rule 3.850

3

motion that was sworn to and signed by Jones as required by Florida law.

On October 14, 2008, the state post-conviction court struck without prejudice all of Jones's Rule 3.850 motions, i.e., the ones that he had filed on March 11, April 21, and September 26, 2008. The state court stated that the April 21 affidavit (which referenced a motion for new trial) "does not reference a Motion to Vacate and does not support the Motion to Vacate or the Supplement to the Motion to Vacate." The state court also noted that the September 26 motion did not include claims contained in the April 21 supplement. The state court concluded: "In the interest of judicial economy, and because the time for filing a Rule 3.850 motion has not expired, the court has determined that the better practice is to strike all pending pleadings including attachments." The state court ordered Jones to file a single, properly sworn, comprehensive Rule 3.850 motion by May 4, 2009.

## C.    November 17, 2008 Rule 3.850 Motion

Jones's counsel filed a new, comprehensive Rule 3.850 motion on November 17, 2008, raising all of his previous claims. The motion was sworn to and signed by Jones.

On August 31, 2009, the state post-conviction court denied Jones's Rule 3.850 motion. In addition to addressing some of Jones's claims on the merits, the

4

state court explained that Jones had previously filed "facially insufficient motions," some of which were dismissed for lack of an oath. The state court cited its previous October 14 order striking Jones's Rule 3.850 motions filed on March 11, April 21, and September 26, 2008.

Jones appealed the state post-conviction court's order denying his latest Rule 3.850 motion to the DCA. In May 2009, Jones also filed a state petition for habeas corpus with the DCA, pursuant to Florida Rule of Appellate Procedure 9.141(c), arguing that his appellate counsel on direct appeal provided ineffective assistance.

On February 25, 2010, the DCA denied Jones's Rule 9.141(c) habeas petition on the merits without a written explanation. On September 15, 2010, the DCA affirmed the state post-conviction court's denial of Jones's Rule 3.850 motion, also without a written explanation.

D.    **Federal Habeas Proceedings**

On September 29, 2010, Jones, through counsel, filed the instant 28 U.S.C. § 2254 habeas petition in the district court, raising the following three claims: (1) Jones was denied due process and effective assistance of counsel when the state trial court and Jones's trial counsel failed to evaluate Jones's competency to stand trial, or to declare a mistrial based on Jones's incompetency; (2) Jones's trial

5

counsel was ineffective for failing to object to the prosecutor's improper comments made during closing argument; and (3) Jones's state appellate counsel was ineffective for failing to raise on direct appeal the issue regarding the prosecutor's improper comments.

The state responded, <u>inter alia</u>, that Jones's § 2254 petition was time-barred under AEDPA's one-year statute of limitations.

The magistrate judge issued a report and recommendation, concluding that Jones's § 2254 petition should be dismissed as time-barred, or, alternatively, denied on the merits. With regard to timeliness, the magistrate judge determined that AEDPA's limitations period began to run on August 22, 2007, the date on which the time expired for Jones to appeal his conviction to the U.S. Supreme Court. The magistrate judge reasoned that Jones's first Rule 3.850 motion, filed on March 11, 2008, did not statutorily toll the AEDPA limitations period because it was not verified by Jones's oath, as required by Florida law.

As to Jones's supplemental Rule 3.850 motion and affidavit filed on April 21, 2008, the magistrate judge deferred to the state trial court's determination that the affidavit was insufficient to verify the motion for Rule 3.850 purposes.

The magistrate judge concluded that Jones's Rule 3.850 motion, filed on September 26, 2008, was the first state post-conviction motion that was properly

6

verified and the first motion that could possibly toll AEDPA's limitations period. However, the magistrate judge concluded the September 26, 2008, motion was filed 401 days after the limitations period began to run on August 22, 2007, and thus was too late for tolling purposes. The magistrate judge also concluded that the September 26, 2008, motion did not relate back to Jones's previous Rule 3.850 motions, such as to toll the limitations period. Although Jones did not raise the issue of equitable tolling, the magistrate judge <u>sua sponte</u> determined that Jones was not entitled to equitable tolling of the limitations period.

Jones objected to the magistrate judge's report and recommendation as to both the timeliness and merits issues. The district court overruled Jones's objections, adopted the report and recommendation, and dismissed Jones's § 2254 petition. Eventually, the district court granted Jones a certificate of appealability ("COA") on the following issues:

(1)    [W]hether [Jones's] state post-conviction motion was not properly filed until September 26, 2008; whether that September 26, 2008 filing related back to the previous ones; and whether the Petitioner qualifies for equitable tolling either on the basis of an extraordinary situation or because of attorney error.

(2)    [Whether] trial counsel were not ineffective for not requesting a competency evaluation; requesting a mistrial; or objecting to parts of the prosecutor's closing argument.

7

Because we affirm the district court's decision on the ground of timeliness, we address only the first part of the COA and do not reach the issues regarding ineffective assistance of trial counsel.

## II.  DISCUSSION

The AEDPA imposes a one-year statute of limitations for a state prisoner to file a § 2254 petition for a writ of habeas corpus.  See 28 U.S.C. § 2244(d).[1]  The limitations period begins to run on the date on which the prisoner's judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).

In this case, it is undisputed that the one-year limitations period began to run on August 22, 2007, when the time expired for Jones to file a petition for a writ of certiorari in the U.S. Supreme Court.  See Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002). Because Jones filed his § 2254 petition on September 29, 2010, it was time-barred, absent statutory or equitable tolling.  See 28 U.S.C. § 2244(d).

### A.    Tolling Effect of Jones's Rule 3.850 Motions

The one-year limitations period in § 2244(d) is tolled during the pendency

---

[1]We review de novo the district court's dismissal of a § 2254 petition as untimely, and review the district court's factual determinations for clear error.  Johnson v. Fla. Dep't of Corrs., 513 F.3d 1328, 1330 (11th Cir. 2008).

of a "properly filed" application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000) (footnote omitted). Filing conditions encompass more than merely the conditions necessary "to get a clerk to accept [a] petition," and include requirements that "often necessitate judicial scrutiny." Pace v. DiGuglielmo, 544 U.S. 408, 414-15, 125 S. Ct. 1807, 1812 (2005).

Under Florida law, a Rule 3.850 motion for post-conviction relief must be signed by the defendant himself and contain either a notarized or an unnotarized oath. See Fla. R. Crim. P. 3.987(1). This Court has held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not "properly filed" under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period. Hurley v. Moore, 233 F.3d 1295, 1297-98 (11th Cir. 2000).

In this case, Jones's first Rule 3.850 motion, filed on March 11, 2008, was only signed by Jones's counsel, not by Jones himself. Although Jones maintains that his attorney's signature sufficiently verified the motion, Florida law explicitly

9

requires a defendant to sign under oath a motion for post-conviction relief, see Fla. R. Crim. P. 3.987(1), and the state post-conviction court's determination that the motion was not properly verified is entitled to deference on federal habeas review, see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (stating federal courts should defer to a state court's decision as to whether a state post-conviction motion was properly filed under § 2244(d)(2)).  Therefore, Jones's March 11 motion was not properly verified and did not toll AEDPA's limitations period. See Hurley, 233 F.3d at 1298.

Jones's supplemental Rule 3.850 motion, filed on April 21, 2008, also did not toll the limitations period because it too was not properly verified.  Although Jones submitted a signed affidavit along with that motion, the state post-conviction court explicitly determined that the affidavit was insufficient, given that it did not refer to a post-conviction motion, but only to a motion for a new trial.  Even if the affidavit's lack of reference to a post-conviction motion was a scrivener's error, as Jones suggests, this does not render the motion properly filed.  The state court determined that the error warranted striking the motion, and we must defer to the state court' decision.  See Webster, 199 F.3d at 1259.  And, importantly, Jones never appealed the post-conviction court's decision to strike his

10

March 11 and April 21 Rule 3.850 motions on grounds of insufficiency.[2]

Because Jones's March 11 and April 21 motions were not properly filed, they did not toll AEDPA's limitations period that had been running since August 22, 2007. As a result, the limitations period expired by the time Jones filed his September 26, 2008, motion.

## B.    Relation Back of Jones's September 26 Rule 3.850 Motion

Jones argues that Florida law permits an untimely oath to relate back to a post-conviction motion that was filed prior to the state deadline for filing such motions. Thus, he contends, his properly filed September 26 oath related back to the March 11, 2008, motion, rendering his federal habeas petition timely.

This Court has previously held that, where a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); Webster, 199 F.3d at 1259 ("A state-court

---

[2]To support his argument that the April 21 affidavit was sufficient to support the Rule 3.850 motion, Jones relies on Kearse v. Sec'y, Fla. Dep't of Corrs., 669 F.3d 1197 (11th Cir. 2011). Kearse is inapposite, however. In that case, this Court held that the district court erred by applying § 2254(d) deference to the state court's factual finding that the petitioner's state post-conviction motion was untimely, and by failing to consider compelling evidence presented by the petitioner that the motion was, in fact, timely. Id. at 1198-99. Here, the magistrate judge did not apply § 2254(d) deference in determining that Jones's state post-conviction motions were not properly filed, and did not ignore any evidence presented by Jones on this issue.

petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). This Court has also stated that a petitioner "may not attempt to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute." Sibley, 377 F.3d at 1204. Relying on Sibley, this Court held that an Alabama prisoner's amended state post-conviction petition, which was filed after the expiration of AEDPA's limitations period, did not relate back to a previously submitted petition that was filed prior to the AEDPA deadline but was dismissed by the state court for lack of verification. Melson v. Allen, 548 F.3d 993, 997-98 (11th Cir. 2008), vacated on other grounds, 130 S. Ct. 3491 (2010).[3]

As dictated by Sibley and explained in Melson, Jones's September 2008 motion could not resurrect AEDPA's expired limitations period by purporting to relate back to Jones's first Rule 3.850 motion, filed on March 11, 2008, or his supplemental Rule 3.850 motion, filed on April 21, 2008, both of which in themselves were insufficient to toll the limitations period. See Sibley, 377 F.3d

---

[3]Although Melson is no longer binding on this panel due to its vacatur by the Supreme Court, that decision is still pertinent, given that it was vacated on grounds unrelated to the issue at hand. See Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1578 n.7 (11th Cir. 1994) (stating that an opinion vacated on unrelated grounds in a petition for rehearing had persuasive value). Even without Melson, we must follow Sibley.

12

at 1204; Melson, 548 F.3d at 998.  Jones attempts to distinguish this case from

Melson on the basis that Alabama law does not provide for the relation back of

post-conviction pleadings, while Florida law allows such relation back, but this

distinction is unavailing.  This Court's decision in Melson was not based on the

availability, or lack thereof, of the relation-back doctrine under Alabama state law,

but rested on the nature of the federal limitations period and federal law.  See

Melson, 548 F.3d at 997-98.  Accordingly, AEDPA's limitations period in this

case was not statutorily tolled to prevent its expiration.

## C.    Equitable Tolling

Equitable tolling is "an extraordinary remedy" that "is typically applied

sparingly," and only when a petitioner "demonstrates (1) diligence in his efforts to

timely file a habeas petition and (2) extraordinary and unavoidable

circumstances."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Here, we cannot say that Jones has shown reversible error in the district

court's adoption of the magistrate judge's determination that Jones was not

entitled to equitable tolling.  The untimeliness of Jones's § 2254 petition resulted

from his counsel's simple negligence in failing to have Jones sign and properly

verify the state post-conviction motions.  See Holland v. Florida, 560 U.S. __, __,

130 S. Ct. 2549, 2564 (2010) ("[A] garden variety claim of excusable neglect,

such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (internal quotation marks and citation omitted)). Because Jones was ineligible either for statutory or equitable tolling, his federal habeas petition was untimely under § 2244(d).[4]

In light of the foregoing, we cannot say the district court's dismissal of Jones's § 2254 petition as time-barred was erroneous. We do not reach the second issue on which the district court granted the COA.

**AFFIRMED.**

---

[4]Jones's brief mentions two other arguments regarding the timeliness of his § 2254 petition, namely, that (1) the state waived its right to challenge the March 11 and April 21 pleadings because it did not object to, or move to strike, these pleadings; and (2) the state should be estopped from asserting that the March 11 and April 21 pleadings were not properly filed because the clerk had accepted those pleadings. The problem for Jones is that the state post-conviction court struck them based on deficiencies, that decision was not appealed, and, thus, Jones's only properly filed Rule 3.850 motion was his September 26, 2008, Rule 3.850 motion, which was filed after the one-year AEDPA deadline had expired.