[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14391
_____

D.C. Docket Nos. 8:09-cv-01158-SCB-MAP; 8:05-cr-00143-SCB-MAP-1

MICHAEL A. ROSIN,

Petitioner – Appellant,

versus

UNITED STATES OF AMERICA,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 19, 2013)

Before DUBINA, Chief Judge, JORDAN and COX, Circuit Judges.

PER CURIAM:

Michael Rosin filed a motion to vacate his conviction pursuant to 28 U.S.C.

§ 2255.  The district court denied the motion without an evidentiary hearing.  We

granted a certificate of appealability on "[w]hether the district court erred in denying, without an evidentiary hearing, [Mr.] Rosin's claim that counsel rendered ineffective assistance by grossly underestimating the sentence that he would receive if were convicted at trial, and by failing to pursue a plea bargain." Following oral argument and review of the record, we vacate the district court's order denying relief and remand with instructions.

In its order denying Mr. Rosin's motion to vacate, the district court twice indicated that Mr. Rosin had to establish the prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984), by "clear and convincing" evidence. *See* Order Denying Motion to Vacate at 15 ("[Mr. Rosin's] statement is far from clear and convincing evidence that there is a reasonable probability that he would have in fact pled guilty."); *id.* at 17 ("The fact that [Mr. Rosin] has not shown by clear and convincing evidence that there is a reasonable probability he would have pled guilty is further supported by the statements of his attorneys."). Those statements, as we explain, were incorrect and placed an undue burden on Mr. Rosin.

To establish prejudice in a scenario like this one, Mr. Rosin had to show that there was a "reasonable probability" that, "absent counsel's alleged ineffective assistance, he would have [pled guilty]." *United States v. Diaz,* 930 F.2d 832, 835 (11th Cir. 1991). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Significantly,

2

the "reasonable probability" standard "is less than proof by a preponderance of the evidence." *Agan v. Singletary,* 12 F.3d 1012, 1018 (11th Cir. 1994). *See also Strickland,* 466 U.S. at 693 ("We believe that a petitioner need not show that counsel's deficient performance more likely than not altered the outcome[.]"). Thus, the "clear and convincing" evidence standard – which "entails proof that a claim is 'highly probable,' a standard requiring more than a preponderance of the evidence but less than proof beyond a reasonable doubt," *Mansfield v. Secretary, Fla. Dept. of Corrections,* 679 F.3d 1301, 1309 (11th Cir. 2012) – had no place in the district court's "reasonable probability" determination.

When a district court uses the wrong legal standard, we can remand for application of the appropriate standard, *see, e.g., Kearse v. Secretary, Fla. Dept. of Corrections,* 669 F.3d 1197, 1198 (11th Cir. 2011), and that is what we conclude is appropriate here. Accordingly, we vacate the district court's order denying Mr. Rosin relief, and remand so that the district court can evaluate the prejudice prong of Mr. Rosin's ineffective assistance of counsel claim under the "reasonable probability" standard set forth in *Strickland*, and determine whether an evidentiary hearing is warranted. *See* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto."); *Aaron v. United*

3

*States,* 291 F.3d 708, 714-15 (11th Cir. 2002) ("As we have previously stated, if the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."). In making that determination, the district court should not make factual findings based on factual assertions by counsel in legal memoranda unless those assertions are supported by affidavits, declarations, exhibits, or other evidence. *See United States v. Washington,* 714 F.3d 1358, 1361 (11th Cir. 2013) ("[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that the district court can rely on.").

**VACATED AND REMANDED.**