[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16610

_____

D.C. Docket No. 2:09-cv-14240-WJZ

BILLY LEON KEARSE,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondent - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2013)

Before CARNES, Chief Judge, MARCUS and WILSON Circuit Judges.

WILSON, Circuit Judge:

When this case came before us previously, we remanded for consideration of

whether Petitioner Billy Leon Kearse had presented clear and convincing evidence

to rebut the state court's presumptively correct finding that his verification page

was not attached, incorporated, or appended to his motion for postconviction relief. The district court found that he did not. Thus, his state court motion for postconviction relief was improperly filed, and consequently did not toll the statute of limitations on his federal habeas petition. As a result, the district court denied his Petition for Writ of Habeas Corpus as untimely. Upon review, we disagree with the district court's conclusion that Kearse failed to present clear and convincing evidence that his Petition is not time-barred under 28 U.S.C. § 2244(d). Therefore, we reverse and remand this case for the district court to consider Kearse's habeas corpus petition on its merits.

## I.

We begin with a review of the complex background necessary to understand our discussion. In 1991, Kearse was convicted of armed robbery and first-degree murder, and sentenced to death. Although the Florida Supreme Court vacated his first sentence, remanding for a new penalty phase, *see Kearse v. State*, 662 So. 2d 677, 686 (Fla. 1995) (per curiam), Kearse was sentenced to death at resentencing, *see Kearse v. State*, 770 So. 2d. 1119, 1135 (Fla. 2000) (per curiam). On March 26, 2001, the Supreme Court denied certiorari, and his sentence became final. *Kearse v. Florida*, 532 U.S. 945, 121 S. Ct. 1411 (2001).

In order to calculate when the statute of limitations for his federal habeas petition began to toll, the date when Kearse properly filed his state postconviction

2

motion is critical.  On September 27, 2001, Kearse sent a Motion to Vacate

Judgments of Conviction and Sentence with Special Request for Leave to Amend

(Initial Motion) pursuant to Florida Rule of Criminal Procedure 3.851 together

with a one-page verification (Verification) via Federal Express to the state court.[1]

On November 26, 2001, the state court dismissed Kearse's Initial Motion for

failure to attach the required oath.[2]  On March 5, 2002, Kearse filed a Motion to

Reinstate his Initial Motion, which the court treated as a motion for rehearing and

denied on March 22, 2002, clarifying that the Initial Motion "did not have

attached, incorporated, or appended to it, an oath which conforms with the

requirements of [Rule 3.851]." [3]   Kearse appealed this denial to the Florida

Supreme Court.

On May 21, 2002, Kearse filed another motion for postconviction relief

under Rule 3.851 (Second Motion).  Because his appeal of the Initial Motion was

pending before the Florida Supreme Court, the state circuit court dismissed the

---

[1] Kearse's Initial Motion and Verification were sent via Federal Express on September 27, 2001, for next-day delivery.  The Initial Motion and Verification did not arrive at the court until October 2, 2001, and Federal Express acknowledged its error in the delay.  The Initial Motion and Verification were docketed together on October 3, 2001.

[2] Florida Rule of Criminal Procedure 3.987 provides that motions for postconviction relief "must be legibly handwritten or typewritten, signed by the defendant, and contain either the first or second oath set out at the end of this rule."  Fla. R. Crim. P. 3.987.

[3] Although the order stated in a footnote that Kearse's initial 3.851 motion "did not have attached, incorporated, or appended to it, an oath which conformed with the requirements of [Rule 3.851]," the state court record on appeal includes the Initial Motion and Verification as one document, docketed on October 3, 2001.

3

Second Motion on June 7, 2002.  In response, on June 10, 2002, Kearse voluntarily dismissed his appeal of the denial of his motion to reconsider the dismissal of his Initial Motion and refiled his Second Motion on June 20, 2002.[4]  The state circuit court denied his Second Motion, and he appealed to the Florida Supreme Court.  The Florida Supreme Court reached the merits of Kearse's Second Motion, ultimately denying postconviction relief.  *Kearse v. State*, 969 So. 2d 976, 981 (Fla. 2007) (per curiam).[5]  On December 27, 2007, Kearse filed a successive postconviction motion, and the state circuit court again denied his motion.  On May 22, 2009, the Florida Supreme Court affirmed the denial of his successive petition.  *See Kearse v. State*, 11 So. 3d 355 (Fla. 2009).

On July 16, 2009, Kearse filed a federal habeas petition seeking relief pursuant to 28 U.S.C. § 2254, which the district court dismissed as untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a federal habeas petition.  28 U.S.C. § 2244(d)(1).  This one-year limitations period is tolled while a "properly filed" application for state postconviction relief is pending in state court.  *Id.* § 2244(d)(2).  The district court relied on the state court's determination that

---

[4] The circuit court denied the State's motion to dismiss for untimeliness, stating that Kearse's motion "relate[d] back to the filing of the original motion."

[5] This was the first and only time the Florida Supreme Court addressed Kearse's postconviction motions.  Indeed, it appears that the Florida Supreme Court did not distinguish between his Second Motion and Initial Motion, the appeal of which he dropped to pursue the Second Motion.  *See Kearse*, 969 So. 2d at 981–82.

4

Kearse's Initial Motion was not "properly filed" because his Verification was not attached. This meant that the statute of limitations did not toll, and Kearse's federal petition was therefore untimely.

On appeal, this court explained that AEDPA permits Kearse the opportunity to rebut the state court's finding that his Verification was not attached, incorporated, or appended to his Initial Motion so as to conform to the requirements of Rule 3.851. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 669 F.3d 1197, 1199 (11th Cir. 2011) (per curiam); *see* 28 U.S.C. § 2254(e)(1). Finding that the district court did not fully evaluate Kearse's case, we remanded for consideration of whether Kearse could present clear and convincing evidence to rebut the state court's factual finding that the Initial Motion did not contain the Verification. *Id.*[6] On remand, the district court concluded that Kearse failed to present clear and convincing evidence that his Initial Motion complied with Florida's oath requirement, and thus his habeas petition was untimely. This appeal ensued.

## II.

We review de novo a district court's dismissal of a federal habeas petition, including a determination that it is time-barred under 28 U.S.C. § 2244(d)(1). *Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006). A district court's factual

---

[6] Specifically, we explained that the district court conflated § 2254(d) with § 2254(e)(1) such that the court did not consider key evidence of the petition's timeliness, namely, the time-stamped copies of the Initial Motion and Verification showing that the court received both on October 3, 2001, at 9:53 a.m. *Kearse*, 669 F.3d at 1198.

findings are reviewed for clear error.  *Id*.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see Jones v. Walker*, 540 F.3d 1277, 1288 n.5 (11th Cir. 2008) (en banc).  Moreover, in reviewing whether a presumption has been overcome by clear and convincing evidence as required by 28 U.S.C. § 2254(e)(1), we review the legal significance of historical facts de novo.  *See Burgess v. Comm'r, Ala. Dep't of Corr.*, 723 F.3d 1308, 1315 (11th Cir. 2013) ("In reviewing a district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error."); *see also Grayson v. Thomspson*, 257 F.3d 1194, 1214 (11th Cir. 2001) ("In reviewing the denial of Grayson's § 2254 petition, we review the district court's findings of historical fact for clear error only, reserving de novo review for its holdings of law and its application of law to facts.")

AEDPA sets a one-year statute of limitations for a defendant to file a federal habeas petition challenging the state court judgment against him.  28 U.S.C. § 2244(d)(1).  Here, the statute of limitations started running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  A judgment becomes "final" within the contemplation of this statute either: (1) if the prisoner files a timely petition for

6

certiorari, on the date when the Supreme Court issues a decision on the merits or denies certiorari; or (2) on the date on which the prisoner's time for filing such a petition expires. *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002). However, this period is tolled during the time "a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). Under AEDPA's statutory tolling provision, "pending" includes the time between a lower court's decision and the filing of a notice of appeal to a higher state court. *See Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S. Ct. 2134, 2138 (2002). In order to toll the statute of limitations, the application for state postconviction relief must be properly filed. *See Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir. 2000) (per curiam).

## III.

Kearse's appeal, before us for the second time, concerns whether his Initial Motion "contained" the Verification with which it was received by the state court as required by Florida Rule of Criminal Procedure 3.987(1).[7] In our first review, we found that the district court did not fully evaluate Kearse's evidence rebutting the state court's finding that his Initial Motion "did not have attached, incorporated, or appended to it, an oath which conforms with the requirements of

---

[7] Rule 3.987, which provides the Model Form For Use In Motions For Postconviction Relief Pursuant To Florida Rule Of Criminal Procedure 3.850, states: "This motion must be legibly handwritten or typewritten, signed by the defendant, and contain either the first or second oath set out at the end of this rule."

[Rule 3.851]." *Kearse*, 669 F.3d at 1199.  Therefore, we vacated for the district court to determine whether Kearse could present clear and convincing evidence to rebut the state court's finding.  *Id.*

Upon review, the objective evidence, specifically the state court record, compels the conclusion that the state court erred in finding that Kearse's Initial Motion did not contain his Verification.  The parties do not dispute that the filing copy of Kearse's Initial Motion and Verification were received by the court in the same envelope and date stamped together.[8]  Importantly, the clerk of the court entered the Initial Motion, together with the Verification, as one document in the index of the record.[9]  Further, the Verification unambiguously refers to the "foregoing Motion to Vacate Judgments of Conviction and Sentence With Special Request for Leave to Amend," and Kearse affirms that he has personal knowledge of the statements "therein set forth and alleged."  Given that the Initial Motion was the only postconviction motion that Kearse had filed up to that point, it is the only motion to which the Verification could have referred.

---

[8] Indeed, it appears that the confusion started because the service copy of Kearse's Initial Motion was delivered to Respondent without the appropriate signature.

[9] The Index to the Record on Appeal includes the following entry:

10/03/01     MOTION TO VACATE JUDGMENTS OF CONVICTION AND
             SENTENCE WITH SPECIAL REQUEST FOR LEAVE TO AMEND
             R-14-68

PCR Vol. 1, Index to Record on Appeal. The docket entry indicates that the single document begins with Kearse's Initial Motion, paginated by the clerk as page 14, through the Verification, paginated as page 68.  *Id.*

While Respondent insists that the state court's finding that Kearse's Initial Motion was not properly verified under oath has not been sufficiently rebutted, it is difficult to imagine stronger evidence than the actual state court record on appeal and the language of the Verification itself. Further, the Respondent has not pointed to any case law interpreting Florida Rule 3.987 to require either a staple or pagination of the oath page.[10] Finally, while the Respondent maintains that because the Verification was not stapled or paginated it is impossible to determine to which motion it refers, the Verification plainly refers to the only postconviction motion that Kearse had filed up to that point, by its specific and unique fifteen-word title. While we generally recognize the importance of deferring to state court decisions in habeas cases, here the state court finding cannot stand.

We find that Kearse has rebutted the presumption of correctness of the state court's finding with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Jones*, 540 F.3d at 1288 n.5. Kearse's Initial Motion was properly filed and docketed on October 3, 2001, for the purposes of tolling the statute of limitations for a federal habeas petition. 28 U.S.C. § 2244(d)(2); *Arthur*, 452 F.3d at 1243; *see Allen v. Siebert*, 552 U.S. 3, 6, 128 S. Ct. 2, 4 (2007) (per curiam) (holding that state rules

---

[10] Although the Respondent appeared to concede that if the Verification was paginated, this would have provided clear and convincing evidence that the Verification was "contained" within the Initial Motion, the Respondent provides no support for its view of what combination of staples, paper clips, and pagination would suffice to comply with the Florida Rule of Criminal Procedure.

9

establishing filing conditions fall within the meaning of "properly filed" under § 2244 (d)(2)).  Accordingly, we reverse the district court's determination that Kearse's federal habeas petition was time-barred and remand for adjudication of the merits of his petition.

**VACATED AND REMANDED.**