[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15031
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62560-BB

WILLIAM HENRY THOMAS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 19, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

William Henry Thomas, a Florida prisoner, appeals *pro se* the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. A single judge of this Court granted a certificate of appealability ("COA") on the issue of:

> Whether the district court erred by dismissing Thomas's *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely?

We review *de novo* the district court's determination that a § 2254 petition was time-barred. *Kearse v. Sec'y*, *Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following the latest of four events, including, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

We may take judicial notice of facts that are "not subject to reasonable dispute," because they are "generally known within the trial court's territorial

jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  We may take judicial notice on our own at any stage of a proceeding.  *Id.* 201(c)-(d).  Despite our wide discretion to take judicial notice of adjudicative facts, the taking of judicial notice of facts is "a highly limited process."  *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation omitted) ("The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.").  We may take judicial notice of another court's order for the limited purpose of recognizing the "judicial act" that the order represents.  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

The parties agree that the limitations period was tolled from March 5, 2007, the date on which Thomas filed a motion under Florida Rule of Criminal Procedure 3.850, until December 14, 2012, the date on which the mandate was issued affirming the denial of Thomas's Rule 3.850 motion.  Further, the parties agree that the limitations period was not tolled after December 14, 2012 and that Thomas filed his § 2254 petition on November 21, 2013.  Therefore, the parties agree that at least 342 untolled days passed from December 14, 2012 until Thomas filed his § 2254 petition on November 21, 2013.

3

Thomas's conviction was affirmed on direct appeal on June 21, 2006. *Thomas v. State*, 931 So. 2d 920 (Fla. Ct. App. 2006). During the 90 days in which Thomas could have sought *certiorari* review from the United States Supreme Court, Thomas filed a motion under Florida Rule of Criminal Procedure 3.800(c) on August 6, 2006. Although the State disputes that Thomas's Rule 3.800(c) motion was the type of application that tolled the AEDPA limitations period, resolving that issue is not necessary to determine the timeliness of Thomas's § 2254 petition. Assuming *arguendo* that Thomas's Rule 3.800(c) motion qualified to toll the AEDPA limitations period, the date on which Thomas's Rule 3.800(c) motion stopped tolling the limitations period determines whether Thomas's § 2254 petition was timely.

The website of the Broward County, Florida Clerk of Courts shows that an order denying Thomas's Rule 3.800(c) motion was signed on December 14, 2006 and filed on January 2, 2007. S*ee* Broward County Florida Clerk of the Courts, http://www.clerk-17th-flcourts.org/Web2 (search Case Number for 04000646CF10A). We take judicial notice that the Broward County Circuit Court denied Thomas's Rule 3.800(c) motion no later than January 2, 2007, after which at least 62 untolled days passed before Thomas filed his Rule 3.850 motion on March 5, 2007. Therefore, at least 404 untolled days passed before Thomas filed

4

his § 2254 petition and Thomas's petition is untimely.  Accordingly, we affirm the district court's conclusion that Thomas's § 2254 petition was untimely.

AFFIRMED.