[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV. 09, 2011
JOHN LEY
CLERK

No. 11-10558

_____

D.C. Docket No. 8:04-cv-02176-RAL-TBM

JASON DIRK WALTON,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 09, 2011)

Before CARNES, HULL and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

The issue in this appeal is whether Jason Walton's second state petition for

a writ of habeas corpus was "properly filed," under the Antiterrorism and Effective

Death Penalty Act, so as to toll the one-year limitation period for filing a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(2). A Florida court convicted Walton of three murders and sentenced him to death, and the Florida Supreme Court later affirmed Walton's convictions, Walton v. State, 481 So. 2d 1197 (Fla. 1985), and death sentences, Walton v. State, 547 So. 2d 622 (Fla. 1989). In 1990, Walton filed his first applications for state collateral review. On June 30, 2003, the Florida Supreme Court affirmed the denial of Walton's motion for postconviction relief and denied his first petition for a writ of habeas corpus. Walton v. State, 847 So. 2d 438 (Fla. 2003). Meanwhile, one week earlier, on June 23, 2003, Walton filed a second state habeas petition, and on October 3, 2003, the Florida Supreme Court denied that petition as successive. The Florida Supreme Court did not address whether Walton's second habeas petition was timely. On September 30, 2004, Walton filed his federal petition for a writ of habeas corpus. The district court held that, because Walton's second state petition was untimely, see Fla. R. Crim. P. 3.851(d)(3); Fla. R. App. P. 9.142(a)(5) (2010) (amended 2011), Walton's second state petition was not properly filed so as to toll the federal limitation period. The district court dismissed Walton's federal habeas petition as untimely. We affirm.

# I. BACKGROUND

Walton committed a triple execution-style murder in 1982 and received three death sentences. The Florida Supreme Court affirmed his convictions, but vacated his death sentences and remanded for resentencing. Walton v. State, 481 So. 2d 1197 (Fla. 1985). Walton again was sentenced to death for each murder, and the Florida Supreme Court affirmed. Walton v. State, 547 So. 2d 622 (Fla. 1989).

On October 2, 1990, Walton filed in the Florida Supreme Court a petition for extraordinary relief and for a writ of habeas corpus in which he sought a stay of execution so as to pursue his remedies for collateral relief. The Florida Supreme Court stayed Walton's execution. On December 17, 1990, Walton filed in a state trial court a motion for postconviction relief, under Florida Rule of Criminal Procedure 3.850, and he filed in the Florida Supreme Court an amendment to his petition for extraordinary relief and for a writ of habeas corpus. The trial court denied Walton's motion for postconviction relief, and Walton appealed to the Florida Supreme Court. The Florida Supreme Court reserved ruling on the habeas petition and remanded for further consideration of Walton's motion for relief under Rule 3.850. Walton v. Dugger, 634 So. 2d 1059 (Fla. 1993). On remand, the trial court again denied Walton's motion under Rule 3.850,

3

and Walton again appealed to the Florida Supreme Court.

While Walton's appeal of the denial of his postconviction motion and his state habeas petition were still pending, the Supreme Court of the United States decided Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002). Soon afterward, Walton filed in the Florida Supreme Court a motion for supplemental briefing to allow the parties to address the effect, if any, of Ring on his case. On August 23, 2002, the court denied Walton's motion.

On May 29, 2003, the Florida Supreme Court affirmed the denial of Walton's motion under Rule 3.850 and denied Walton's first habeas petition, Walton v. State, 847 So. 2d 438 (Fla. 2003), and the court issued its mandate on June 30, 2003. Meanwhile, a week earlier, on June 23, 2003, Walton filed in the Florida Supreme Court a second petition for a writ of habeas corpus in which he argued that he was entitled to relief under Ring. On October 3, 2003, the Florida Supreme Court denied Walton's petition as successive. Walton v. State, No. SC03-1151 (Fla. Oct. 3, 2003).

When Walton filed a federal petition for a writ of habeas corpus on September 30, 2004, within a year of the denial of his second state habeas petition, but more than a year after the denial of his first state habeas petition, the district court ruled that Walton's petition was untimely. Because Walton's conviction

4

became final before the effective date of the Antiterrorism and Effective Death Penalty Act, April 24, 1996, Walton had one year from that date to file his federal petition. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). The one-year limitation period is tolled as long as "properly filed" applications for state postconviction or other collateral review are pending. 28 U.S.C. § 2244(d)(2). The district court reasoned that Walton had properly filed applications pending until the Florida Supreme Court issued its mandate that affirmed the denial of his motion for postconviction relief and denied his first petition for a writ of habeas corpus on June 30, 2003. Based on that reasoning, the limitation period expired on June 29, 2004. Because Walton did not file his federal petition for a writ of habeas corpus until September 30, 2004, the district court dismissed the petition as untimely.

Walton argued that his second state habeas petition, filed on June 23, 2003, tolled the limitation period until its denial on October 3, 2003, but the district court rejected his argument. The district court reasoned that Walton's second state habeas petition was not properly filed under Florida law, which required all habeas petitions in death penalty cases to "be filed simultaneously" with the initial brief in the appeal of the denial of a motion for postconviction relief. Fla. R. Crim. P. 3.851(d)(3); Fla. R. App. P. 9.142(a)(5) (2010) (amended 2011).

5

The district court denied Walton's application for a certificate of appealability, but we granted him a certificate of appealability with respect to one issue: whether Walton's second petition to the Supreme Court of Florida for a writ of habeas corpus was timely. See 28 U.S.C. 2244(d)(2).

## II. STANDARD OF REVIEW

We review de novo a district court's denial of a petition for a writ of habeas corpus. Trotter v. Sec'y, Dep't of Corr., 535 F.3d 1286, 1290 (11th Cir. 2008) (citing Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998)).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act, a prisoner serving a sentence for a state conviction has one year from the date his judgment of conviction and sentence becomes final to file a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). An application for postconviction relief filed in state court is not "properly filed" if it is untimely. Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 1810 (2005).

A Florida prisoner sentenced to death may file a petition for postconviction relief in a state trial court and a petition for a writ of habeas corpus in the Florida

6

Supreme Court, but in death penalty cases, "all petitions for extraordinary relief" must be filed in the Florida Supreme Court simultaneously with the initial brief in the appeal of a denial of a motion for postconviction relief. Fla. R. Crim. P. 3.851(d)(3); Fla. R. App. P. 9.142(a)(5) (2010) (amended 2011). Walton did not file his second habeas petition simultaneously with his initial brief in the appeal of the denial of his motion for postconviction relief.

Because Walton's second state habeas petition was not filed simultaneously with his initial brief in the appeal of the denial of his motion for postconviction relief, his second petition did not toll the federal limitation period. The simultaneous filing requirement is a timing requirement, and "time limits, no matter their form, are 'filing' conditions." Pace, 544 U.S. at 417, 125 S. Ct. at 1814. An untimely state petition is not "properly filed" and cannot toll the federal limitation period. Id. at 410, 125 S. Ct. at 1810.

Walton argues that the simultaneous filing rule was not firmly established and regularly followed when he filed his second petition and that the district court erred by applying it. He relies on our decision in Siebert v. Campbell, where we stated "that a rule governing filings must be firmly established and regularly followed before noncompliance will render a petition improperly filed for the purpose of AEDPA's tolling provision." 334 F.3d 1018, 1025 (11th Cir. 2003)

7

(internal quotation marks omitted). Walton alleges that several petitioners have filed untimely applications for collateral relief in the Florida Supreme Court, which denied them on the merits. See, e.g., Johnson v. State, 904 So. 2d 400 (Fla. 2005); Breedlove v. Crosby, 916 So. 2d 726 (Fla. 2005); Chandler v. Crosby, 916 So. 2d 728 (Fla. 2005); Porter v. Crosby, 840 So. 2d 981 (Fla. 2003). Walton contends that, because the Florida Supreme Court declined to dismiss those petitions as untimely, the simultaneous filing rule has not been "firmly established and regularly followed."

Walton's argument fails. Our decision in Siebert addressed a different issue, and the Supreme Court later abrogated our ruling on that issue. An Alabama court had dismissed Siebert's motion for postconviction relief as untimely, but we held that Siebert's untimely motion nevertheless had been properly filed and had tolled the limitation period under section 2244(d)(2). Siebert, 334 F.3d at 1031. We reasoned that the jurisdictional nature of a limitation period for postconviction motions in Alabama had not been "firmly established and regularly followed" when Siebert had filed his motion because "noncompliance with the . . . time bar did not divest courts of discretion to entertain late petitions should they choose to do so, at least in the absence of an appropriate pleading by the state of a limitations defense." 334 F.3d 1027. In

8

Allen v. Siebert, 552 U.S. 3, 7, 128 S. Ct. 2, 4 (2007), the Supreme Court summarily reversed our judgment that Siebert's untimely motion had been properly filed under section 2244(d)(2). The Court held that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 7, 128 S. Ct. at 4 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005)) (internal quotation marks and additional citation omitted)). "Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2)." Id.

In contrast with the ruling of the Alabama court in Siebert, the Florida Supreme Court did not address whether Walton's second habeas petition was timely, and Walton fails to explain how his second petition could have been timely. As mentioned above, Walton cites several decisions in which the Florida Supreme Court denied untimely petitions on the merits, but the Supreme Court has explained that federal courts cannot use an adverse "merits determination as an 'absolute bellwether' (as to timeliness)." Evans v. Chavis, 546 U.S. 189, 198, 126 S. Ct. 846, 852 (2006). We cannot, for example, "reject [a state's] time bar simply because a court may opt to bypass the [timeliness] assessment and summarily dismiss a petition on the merits." Walker v. Martin, 562 U.S. ____, 131 S. Ct.

9

1120, 1129 (2011).  In <u>Mann v. Moore</u>, the Florida Supreme Court made clear

"**THAT IN CAPITAL POSTCONVICTION LITIGATION, EFFECTIVE**

**JANUARY 1, 2002,** all petitions for extraordinary relief, including habeas corpus

petitions, must be filed simultaneously with the initial brief appealing the denial of

a rule 3.850 motion." 794 So.2d 595, 598 (Fla. 2001).  "In response [to the court's

announcement in <u>Mann</u>] and prior to January 1, 2002, many . . . capital defendants

who previously had filed appeals to the denial of their 3.850 motions filed initial

habeas corpus petitions." <u>Cherry v. Moore</u>, 829 So.2d 873, 875 n.1 (Fla. 2002).

Walton filed his second habeas petition after January 1, 2002, and the Florida

Supreme Court summarily denied his petition as successive.

When a state court has not addressed the timeliness of an application for

collateral relief, the federal court "must itself examine the delay in each case and

determine what the state courts would have held in respect to timeliness." <u>Evans</u>

<u>v. Chavis</u>, 546 at 198, 126 S. Ct. at 852.  We "will not allow the tolling of

AEDPA's limitations period when it is clear that the petitioner failed to seek

timely review in state court." <u>Gorby v. McNeil</u>, 530 F.3d 1363, 1368 (11th Cir.

2008).  Walton's second state habeas petition was untimely, and the district court

did not err by dismissing his petition.

## IV. CONCLUSION

The dismissal of Walton's petition for a writ of habeas corpus is

**AFFIRMED**.