# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 6, 2015                    Decided June 26, 2015

No. 14-8001

IN RE: DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,
PETITIONER

———

On Petition for Permission to Appeal from an Order of
the United States District Court for the District of Columbia

(No. 1:10-cv-02250)

———

*Loren L. AliKhan*, Deputy Solicitor General, Office of the
Attorney General for the District of Columbia, argued the
cause for petitioner. With her on the briefs were *Eugene A.
Adams*, Interim Attorney General, and *Todd S. Kim*, Solicitor
General.

*Marjorie L. Rifkin* argued the cause for respondents.
With her on the brief were *Jennifer R. Lav*, *Lindsay A. Niles*,
*Kelly R. Bagby*, *Barbara S. Wahl*, *Brian D. Schneider*, and
*Alison Lima Andersen*. *Iris Y. Gonzalez* entered an
appearance.

*David A. Reiser*, appointed by the court, was on the brief
for *amici curiae* The Legal Aid Society of the District of
Columbia, et al. in support of respondents.

Before: KAVANAUGH, MILLETT, and WILKINS, *Circuit
Judges*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

WILKINS, *Circuit Judge*:  This Petition is for permission to file an interlocutory appeal challenging the District Court's decision to certify a class.  The underlying suit alleges that the District of Columbia (the "District") does not provide adequate opportunity for community-based care to the District's Medicaid beneficiaries who are currently receiving long-term care in nursing homes.

The grounds on which this Court will grant permission to file an interlocutory appeal under Federal Rule of Civil Procedure 23(f) are well established.  *See In re Lorazepam & Clorazepate Antitrust Litig*., 289 F.3d 98, 105 (D.C. Cir. 2002).  This Petition invokes only one of those grounds, submitting that the class certification was "manifestly erroneous."  That makes for an inherently uphill battle for the District, given that "manifest error" is a "high bar," and this Court has never granted a petition on that basis alone.  *In re Johnson*, 760 F.3d 66, 72 (D.C. Cir. 2014).  Manifest error requires a showing that the District Court failed to apply the correct legal standard, reached a decision "squarely foreclose[d]" by precedent, *id*., or otherwise committed an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  BLACK'S LAW DICTIONARY 680 (10th ed. 2014) (defining manifest error).

Although the District Court itself noted that its critical legal conclusion was not "free from doubt," we agree that it was not squarely foreclosed by the applicable precedents.  The District Court's decision to certify may or may not have been an error.  But we cannot say that it was a "manifest error," which is the standard for us in this interlocutory

appellate posture under Rule 23(f). Accordingly, we deny the Petition to permit an interlocutory appeal and therefore decline to reach the merits of the District's challenge to the class certification.

**I.**

The named Plaintiffs in the underlying case are citizens of the District who have been receiving Medicaid-funded long-term care in nursing homes and who seek access to community-based alternatives. They brought this *Olmstead* action against the District, alleging it had failed to comply with its obligations under federal law—specifically, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act—that require it to "provide services to people with disabilities in the most integrated setting appropriate to their needs." Compl. at 2; *see also Olmstead v. L.C.*, 527 U.S. 581 (1999) (holding that unjustified segregation constitutes discrimination prohibited by the Americans with Disabilities Act). In their Complaint, Plaintiffs claimed to represent "a class of similarly-situated individuals with physical disabilities who desperately desire the freedom to live in their community but instead remain institutionalized in nursing facilities against their will." Compl. at 3. The District Court denied the District's motion to dismiss the substantive claims. *Day v. District of Columbia*, 894 F. Supp. 2d 1 (D.D.C. 2012).

Following amendments to the Complaint and various interim rulings, the District Court denied the District's (renewed) motion to dismiss and granted Plaintiffs' (second) motion for class certification. *Thorpe v. District of Columbia*, 303 F.R.D. 120 (D.D.C. 2014). The District filed this Petition with our Court for leave under Rule 23(f) to appeal the

District Court's class certification order. *See* FED. R. CIV. P. 23(f).

## II.

In prior cases, we have identified three grounds warranting Rule 23(f) review in this Court:

(1) when a "questionable" class certification decision creates a "death-knell situation" for either party;

(2) when the certification decision presents "an unsettled and fundamental issue of law relating to class actions . . . that is likely to evade end-of-the-case review"; and

(3) when the certification decision is manifestly erroneous.

*In re Veneman*, 309 F.3d 789, 794 (D.C. Cir. 2002) (quoting *In re Lorazepam*, 289 F.3d at 105); *see also In re Johnson*, 760 F.3d at 71. The standard also allows for the possibility that interlocutory review will be appropriate in "special circumstances" beyond the three stated reasons. *In re Lorazepam*, 289 F.3d at 106.

This Petition, however, invokes only the "manifestly erroneous prong." In *Johnson*, we stated:

This is a difficult standard to meet; we have never before granted Rule 23(f) review on the basis of a manifest error and other circuits, too, have indicated there is a high bar for doing so. *See, e.g.*, *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005) ("It is difficult to show that a class certification order is manifestly erroneous

unless the district court applies an incorrect Rule 23 standard or ignores a directly controlling case. Class certification decisions rarely will involve legal errors, however, simply because class actions typically involve complex facts that are unlikely to be on all fours with existing precedent.") (citations omitted).

*In re Johnson*, 760 F.3d at 72.

## A.

The thrust of the District's challenge is its argument that Plaintiffs did not satisfy the "commonality" requirement for class certification. *See* FED R. CIV. P. 23(a)(2). The District contends that the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), and this Court's decision in *DL v. District of Columbia*, 713 F.3d 120 (D.C. Cir. 2013), preclude the necessary finding of commonality in this case.

In *Wal-Mart*, the Supreme Court addressed the commonality requirement as applied to a putative class of 1.5 million female employees in a suit alleging gender discrimination in pay and promotion decisions. 131 S. Ct. at 2547. The Court held that there was no commonality because plaintiffs "wish[ed] to sue about literally millions of employment decisions at once." *Id.* at 2552. It explained: "Without some glue holding the alleged *reasons* for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored*." *Id.* (emphasis in original).

Our Court extensively discussed and applied *Wal-Mart* in *DL*, which the parties (and we) agree is this Circuit's most

important precedent bearing on the certification challenged here. Prior to the Supreme Court decision in *Wal-Mart*, the district court hearing *DL* had certified a class challenging the District's "Child Find" system under the Individuals with Disabilities Education Act. *See DL*, 713 F.3d at 121. In denying a post-*Wal-Mart* motion to decertify the Class, the district court found that all members of the certified class had "suffered the same injury: denial of their statutory right to a free appropriate public education." *DL v. District of Columbia*, 277 F.R.D. 38, 45 (D.D.C. 2011). We reversed the certification, observing that *Wal-Mart* had "changed the landscape" of Rule 23(a)(2). *DL*, 713 F.3d at 126. The Supreme Court's new guidance was that it is not enough for "class members [to] 'have all suffered a violation of the same provision of law.'" *Id.* (quoting *Wal-Mart*, 131 S.Ct. at 2551). Instead, the common contention must be "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551.

In this Petition, the District tells us that the District Court erred by failing to "identify any policy or practice common to the claims of every member of the class" and that it failed to reconcile its decision with the guidance of *Wal-Mart* and *DL*—that is, the guidance that Rule 23(a)(2) requires more than a showing that class members have suffered violations of the same provision of law.

But the District Court *did* find something more. In a paragraph titled "Commonality" in the operative complaint, Plaintiffs spelled out seven bulleted questions of law or fact they asserted were common throughout the class. 3d Am. Compl. ¶ 156. The District Court expressly referenced this language and grappled with it, observing that although some

of the enumerated questions did not meet the *Wal-Mart*/*DL* standard, at least two were, in the District Court's view, capable of class-wide resolution and therefore satisfied the standard. *Thorpe*, 303 F.R.D. at 146-47 & nn.58-59. The District Court explained in a footnote:

> To prevail on the merits and obtain the relief they seek, plaintiffs will have to prove concrete systemic deficiencies. For example, does the District in fact "fail[ ] to offer sufficient discharge planning" or "fail[ ] to inform and provide [nursing facility residents] with meaningful choices of community-based long-term care alternatives to nursing facilities." (3d Am. Compl.¶ 156.)

*Thorpe*, 303 F.R.D. at 146 n.58. This statement by the District Court is important to our analysis here, because the Supreme Court explained in *Wal-Mart* that "for purposes of Rule 23(a)(2) even a single common question will do." 131 S. Ct. at 2556 (internal quotation marks omitted). It was not manifest error to conclude, at this procedural juncture, that those two alleged deficiencies could represent the sort of systemic failure that might constitute a policy or practice affecting all members of the class in the manner *Wal-Mart* requires for certification. *See DL*, 713 F.3d at 126, 128.

In its briefs, the District did not articulate why these two questions are not common questions.[1] At oral argument, its counsel urged us to read footnote 58, quoted above, as a

---

[1] The District also suggested in its briefing that *DL* could be read to require subclasses (instead of a single class) in this case. But as we have explained, it was not manifest error for the District Court to conclude, at this juncture, that at least two of the deficiencies alleged by plaintiffs are susceptible to class-wide treatment.

statement only of what Plaintiffs would have to prove on causation to prevail on the merits. The District would have us look exclusively to the body text of the opinion in which the District Court makes an affirmative statement of common questions: "(1) are there deficiencies in the District's existing system of transition assistance? (2) if so, what are those deficiencies? and (3) are the proven deficiencies causing unnecessary segregation?" *Thorpe*, 303 F.R.D. at 146 (footnote omitted).

Indeed, if the quoted body text were all the District Court had to say about commonality, we might well agree with the District that class certification was defective in view of *Wal-Mart* and *DL*. But footnote 58 modifies the second question—the question of "what are those deficiencies"—and it points to language in the operative complaint alleging two specific deficiencies it concludes are common. Although legal writing mavens may debate the merit and utility of footnotes, we know of no requirement that a District Court's statement of a common question appear in the body text of an opinion.[2]

We have some doubts in light of *DL* about the District Court's conclusion—but the District Court itself did, too. *Thorpe*, 303 F.R.D. at 148 ("While this question is not free

---

[2] A former chief judge of this Court came to the considered conclusion that "footnotes in judicial opinions [are] an abomination." Abner J. Mikva, *Goodbye to Footnotes*, 56 U. COLO. L. REV. 647, 647 (1985). Other distinguished jurists have defended them. *See, e.g.,* Edward R. Becker, *In Praise of Footnotes*, 74 WASH. U. L. Q. 1, 1 (1996) ("[T]he judicious use of footnotes allows judges to communicate most effectively with their diverse audiences."). We need not settle that dispute to recognize that the footnote remains part of the District Court's explanation in this case. *See* Mikva, *supra*, at 653 n.4.

from doubt, the Court is persuaded that the concept of a system of transition assistance is sufficiently definite to constitute a practice that could violate *Olmstead*'s integration mandate, if the lack of transition services contributes to the lack of placements of residents into community-based services."). Moreover, the District Court noted that "if the District is ultimately able to demonstrate that its Olmstead Plan is effective, it may be that it will be appropriate to revisit certification." *Id.* at 138 n.41. And so at this interlocutory stage, we go no further than observing that the determinations this District Court reached were not manifestly erroneous— that is, the determinations that Plaintiffs adequately alleged that the class has suffered a uniform deprivation, and that such deprivation could be remedied by a single injunction.

The District argues that "Rule 23(f) review is additionally warranted to prevent a tremendous waste of judicial and party resources in continuing proceedings." But the Rule 23(f) grounds for review we have identified already factor in this consideration by providing for interlocutory review where the decision was "manifestly erroneous," thereby otherwise resulting in certain waste. *See In re Lorazepam*, 289 F.3d at 105 (justifying "manifestly erroneous" Rule 23(f) ground for review "to avoid a lengthy and costly trial that is for naught once the final judgment is appealed").

To make express the limited reach of our conclusion in this opinion, however, we hold only that the District Court did not manifestly err, and we offer no suggestion (beyond observing it would be a tough question) about whether the certification would survive review under the standard that ultimately applies to appeal of a final judgment by the District Court. To obtain permission for interlocutory appeal of a class certification on the manifest error prong of *In re Lorazepam*, the petitioning party must show not merely that

the District Court's decision was wrong, but that the error was plain and indisputable. The District failed to meet this exacting standard.

**B.**

The District's Petition raised two other claims, neither of which merits substantial separate treatment from the central challenge to post-*Wal-Mart* commonality discussed above. Accordingly, we address these additional claims only briefly.

First, the District challenged Rule 23(a)(3) typicality of the class representatives, but its argument was simply that because the harm identified is not something that can be common between *any* two different individuals, no plaintiff can be typical of the certified class. *See* FED. R. CIV. P. 23(a)(3). This is just a rehash of commonality by another name—indeed, the District had not a word to say about any of the surviving individual named plaintiffs in this case.

Second, the District challenged the appropriateness of certification under Rule 23(b)(2), contending that the relief sought is individualized and there is no common harm. *See* FED. R. CIV. P. 23(b)(2) (requiring that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole"). Although invoking a distinct legal requirement for sustaining a class action, the District's argument here is again the same as for commonality. It restates the question as whether the District's policies that allegedly fail to provide a gateway to community-based care constitute an independent civil rights violation, or whether the unique totality of barriers to community transition for each individual class member makes grouping of the claims

inappropriate. But *Olmstead* held there is a common civil right to non-segregation at stake. And Rule 23(b)(2) was intended for civil rights cases. See 7AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1776 (3d ed. 2005) (stating that a Rule 23(b)(2) class suit "is a uniquely appropriate procedure in civil-rights cases, which generally involve an allegation of discrimination against a group as well as the violation of rights of particular individuals"); *see also Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014) (quoting 7AA FEDERAL PRACTICE & PROCEDURE § 1776). In *Wal-Mart* itself, the Court quoted *Amchem*'s observation that "civil rights cases against parties charged with unlawful, class-based discrimination are prime examples of what (b)(2) is meant to capture." 131 S. Ct. at 2557 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)) (internal quotation marks omitted).

Thus, we do not find "manifest error" in the District Court's treatment of the challenges to class certification under Rule 23(a)(3) or Rule 23(b)(2).

## III.

We conclude that the District has not met its burden under the grounds for review it invoked to show "manifest error" by the District Court. Accordingly, we deny the Petition to permit an appeal of class certification and we do not reach the merits of the District's substantive claims of error.

*So ordered.*