**Carlos Juan NEGRON, Petitioner–Appellant,**

v.

**SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, Florida Attorney General, Respondents–Appellees.**

No. 15–10091

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 2016.

Carlos Juan Negron, Wewahitchka, FL, pro se.

Robin A. Compton, Pam Bondi, Attorney General's Office, Attorney General's Office Daytona Beach, FL, for Respondents–Appellees.

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Carlos Juan Negron, a Florida prisoner proceeding *pro se*, appeals from the denial of his *pro se* motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). We granted Negron a certificate of appealability (COA) on one issue: whether the district court abused its discretion by denying Negron's motion to alter or amend the dismissal of his 28 U.S.C. § 2254 petition as time-barred. After review of the record and the parties' briefs, we affirm.

## I. DISCUSSION

### A. COA

Initially, we consider whether the COA was defective under 28 U.S.C. § 2253(c), in light of *Spencer v. United States*, 773 F.3d 1132, 1137–38 (11th Cir. 2014) (*en banc*), *cert. denied*, —— U.S. ——, 135 S.Ct. 2836, 192 L.Ed.2d 877 (2015). Neither an appellate judge nor a district court judge may issue a COA of a final order in a § 2254 proceeding unless the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A), (2). The COA

"shall indicate which specific issue or issues satisfy the showing required." *Id.* § 2253(c)(3). A COA is also required for a petitioner to appeal from the denial of a motion to alter or amend a judgment in a § 2254 proceeding. *Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir.2013). The failure to specify an underlying constitutional issue does not constitute a jurisdictional defect. *Gonzalez v. Thaler*, — U.S. —, 132 S.Ct. 641, 649–52, 181 L.Ed.2d 619 (2012).

In *Spencer*, we concluded the COA we had issued was defective because it failed to identify an underlying constitutional issue, as required by § 2253(c)(3). *Spencer*, 773 F.3d at 1137–38. Nonetheless, we declined to vacate the COA and considered the merits of the certified issues because: (1) the parties already had litigated the issues before the district court and briefed and orally argued the issues before both a panel of this Court and the *en banc* Court; (2) the *en banc* Court had heard oral argument by an *amicus curiae;* and (3) both parties urged the Court not to vacate the defective COA. *Id.* However, we cautioned that we would vacate COAs in future appeals if the COAs failed to specify a constitutional issue that jurists of reason would find debatable because such COAs violate the text of § 2253(c)(3). *Id.* at 1138.

In this case, our COA order, issued after *Spencer*, does not specify an underlying constitutional issue. Nonetheless, the parties have briefed the merits of the issue in the COA, and the case is ready for our consideration of that issue. In addition, the COA defect is not jurisdictional. *See Gonzalez*, 132 S.Ct. at 649–52. Negron states at least one colorable constitutional claim in his petition—whether his trial counsel rendered ineffective assistance by failing to contest the sufficiency of the indictment. Therefore, we exercise our discretion to consider the merits of the

issue in the COA notwithstanding any deficiency in the COA order. *See Spencer*, 773 F.3d at 1137; *see also Damren v. Florida*, 776 F.3d 816, 820–21 (11th Cir. 2015).

**B. Denial of motion to alter or amend the judgment**

■ Negron contends the district court abused its discretion in denying his motion to alter or amend the judgment because his § 2254 petition was timely filed. Specifically, he asserts the statutory tolling periods resulting from his properly filed state post-conviction motions ended five days after the mandates were issued because five days are added to the period for a party to conduct an action after service when service is made by mail, citing Florida Rule of Judicial Administration 2.514(b). Negron also asserts the time his motion for belated rehearing of his Rule 3.850 motion was pending should be tolled as the 15–day time limit on filing motions for rehearing is not regularly followed.

As an initial matter, Negron improperly used his motion to alter or amend to raise new arguments. *See Arthur*, 500 F.3d at 1343 (stating a motion to alter or amend the judgment cannot be used to relitigate old issues or raise new arguments that could have been raised prior to the entry of judgment). Negron argued for the first time in his motion to alter or amend the judgment that the motion for belated rehearing tolled the limitations period and that the state post-conviction applications should have tolled the limitations period until five days after the District Court of Appeal issued its mandates. Negron could have presented those claims in his reply brief because the underlying facts supporting those claims were established at that time.

Alternatively, the district court did not abuse its discretion by denying Negron's

motion to alter or amend the judgment because it committed no manifest error of law or fact. *See Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007) (reviewing the district court's denial of a motion to alter or amend a judgment for an abuse of discretion and explaining the motion can only be granted when the movant presents newly discovered evidence or a manifest error of law or fact). First, Negron is not entitled to five additional days of tolling for each of his properly filed state post-conviction applications to account for the fact that the orders were mailed to him by Florida's Fifth District Court of Appeal. While a party receives five additional days to conduct an action when that party "must act within a specified time after service and service is made by mail or e-mail," Fla. R. Jud. Admin. 2.514(b), Florida law does not grant a petitioner five additional days to conduct an action in response to a court order that is mailed to him, *see Donaldson v. State,* 136 So.3d 1281, 1282 (Fla. 2d DCA 2014) (explaining Fla. R. Jud. Admin. 2.514(b) does not grant a five-day extension when a party must conduct an action after an order is filed by a court, even if the order is mailed to the parties). Therefore, the district court did not manifestly err by failing to add five days to the tolling periods for Negron's second Rule 3.800 motion and his Rule 3.850 motion to account for the fact the District Court of Appeal decisions were mailed to Negron.

Second, the district court's implicit conclusion that Negron's untimely motion for rehearing did not toll the limitations period was not a manifest error of law or fact. *See Walton v. Sec'y, Fla. Dep't of Corr.,* 661 F.3d 1308, 1311 (11th Cir.2011) ("An untimely state petition is not "properly filed" and cannot toll the federal limitation period."). There is no published opinion from this Court concluding that Florida's 15-day filing period for rehearing motions was not a firmly established and regularly followed rule. *See id.* (stating a petitioner's failure to comply with a rule governing filings only results in an improperly filed petition if the rule was firmly established and regularly followed); *In re District of Columbia,* 792 F.3d 96, 97–98 (D.C.Cir. 2015) (explaining manifest error occurs only if the district court failed to apply the correct legal standard, reached a decision squarely foreclosed by precedent, or committed a plain and indisputable error "that amounts to a complete disregard of the controlling law or the credible evidence in the record"). For these reasons, we find no manifest error of law or fact in the district court's timeliness determination, and it did not abuse its discretion by denying Negron's motion to alter or amend the judgment.

## II. CONCLUSION

Therefore, we affirm the district court's denial of Negron's motion to alter or amend the judgment.

**AFFIRMED.**