# SUPREME COURT OF THE UNITED STATES

## RICHARD F. ALLEN, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS *v.* DANIEL SIEBERT

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 06–1680.   Decided November 5, 2007

PER CURIAM.

Daniel Siebert was convicted and sentenced to death in the State of Alabama for the murder of Linda Jarman. Siebert's conviction and sentence were affirmed on direct appeal, and the certificate of judgment issued on May 22, 1990.  This Court denied certiorari on November 5, 1990. *Siebert* v. *Alabama*, 498 U. S. 963.  On August 25, 1992, Siebert filed a petition for postconviction relief in Alabama state court.  The state courts denied the petition as untimely, however, because it was filed approximately three months after the expiration of the then-applicable 2-year statute of limitations, 2 Ala. Rule Crim. Proc. 32.2(c) (2000–2001), which began to run from the date the certificate of judgment issued.*  The Alabama Supreme Court denied certiorari on September 15, 2000.  Siebert did not seek review in this Court. On September 14, 2001, Siebert filed a petition for a federal writ of habeas corpus, see 28 U. S. C. §2254, in the District Court for the Northern District of Alabama.

The Antiterrorism and Effective Death Penalty Act of

---

\*At the time Siebert's petition was before the Alabama courts, Rule 32.2(c) provided that "the court shall not entertain any petition," with certain exceptions not applicable here, "unless the petition is filed . . . within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals."  The statute has since been amended to provide for a 1-year limitations period, but is otherwise unchanged. See 1 Ala. Rule Crim. Proc. 32.2(c) (2007–2008).

1996 (AEDPA) established a 1-year statute of limitations for filing a federal habeas petition. §2244(d)(1). The limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." §2244(d)(2). Because Siebert's direct appeal became final before AEDPA became effective, the 1-year limitations period began to run from April 24, 1996, AEDPA's effective date. See *Carey* v. *Saffold*, 536 U. S. 214, 217 (2002). Thus, absent tolling, Siebert's federal habeas petition would be untimely by over four years.

The District Court dismissed Siebert's habeas petition as untimely, reasoning that an application for state post-conviction relief is not "properly filed" if it was rejected by the state court on statute-of-limitations grounds. The Court of Appeals reversed, however, holding that Siebert's state postconviction petition was "properly filed" within the meaning of §2244(d)(2), because the state time bar was not jurisdictional and the Alabama courts therefore had discretion in enforcing it. See *Siebert* v. *Campbell*, 334 F. 3d 1018, 1030 (CA11 2003) *(per curiam)*. The Court of Appeals accordingly remanded to the District Court to consider the merits of Siebert's petition.

While Siebert's habeas petition was pending on remand in the District Court, we decided *Pace* v. *DiGuglielmo*, 544 U. S. 408 (2005). In *Pace*, we held that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of §2244(d)(2). *Id.*, at 414, 417. Relying on *Pace*, the District Court again found that Siebert's state postconviction petition was not "properly filed," and dismissed his federal habeas petition as untimely. The Court of Appeals, however, reversed and remanded. In a one-paragraph opinion, the court distinguished *Pace* on the ground that Rule 32.2(c), unlike the statute of limitations at issue in *Pace*, "operate[s] as an affirmative defense." 480 F. 3d 1089, 1090 (CA11 2007).

Thus, the court found its prior holding—that Siebert's state postconviction petition was "properly filed" because the state court rejected it on a nonjurisdictional ground—stood as the law of the case. *Ibid.*

The Court of Appeals' carve-out of time limits that operate as affirmative defenses is inconsistent with our holding in *Pace*. Although the Pennsylvania statute of limitations at issue in *Pace* happens to have been a jurisdictional time bar under state law, see *Commonwealth* v. *Banks*, 556 Pa. 1, 5–6, 726 A. 2d 374, 376 (1999), the jurisdictional nature of the time limit was not the basis for our decision. Rather, we built upon a distinction that we had earlier articulated in *Artuz* v. *Bennett*, 531 U. S. 4 (2000), between postconviction petitions rejected on the basis of "'filing' conditions," which are not "properly filed" under §2244(d)(2), and those rejected on the basis of "procedural bars [that] go to the ability to obtain relief," which are. *Pace*, *supra*, at 417 (citing *Artuz*, *supra*, at 10–11). We found that statutes of limitations are "filing" conditions because they "go to the very initiation of a petition and a court's ability to consider that petition." *Pace*, 544 U. S., at 417. Thus, we held "that time limits, *no matter their form*, are 'filing' conditions," and that a state postconviction petition is therefore not "properly filed" if it was rejected by the state court as untimely. *Ibid.* (emphasis added).

In short, our holding in *Pace* turned not on the nature of the particular time limit relied upon by the state court, but rather on the fact that time limits generally establish "conditions to filing" a petition for state postconviction relief. Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a "condition to filing," *Artuz*, *supra*, at 9—it places a limit on how long a prisoner can wait before filing a postconviction petition. The fact that Alabama's Rule 32.2(c) is an affirmative defense that can be waived (or is subject to equitable

tolling) renders it no less a "filing" requirement than a jurisdictional time bar would be; it only makes it a less stringent one. Indeed, in *Pace* we cited the very statute at issue in this case as an example of such a "filing" requirement. See 544 U. S., at 417, n. 7 (citing 2 Ala. Rule Crim. Proc. 32.2(c) (2004–2005)).

Excluding from *Pace*'s scope those time limits that operate as affirmative defenses would leave a gaping hole in what we plainly meant to be a general rule, as statutes of limitations are often affirmative defenses. See, *e.g.*, Fed. Rule Civ. Proc. 8(c); *Kirkland* v. *State*, 143 Idaho 544, 546, 149 P. 3d 819, 821 (2006) ("The statute of limitations for petitions for post-conviction relief is not jurisdictional. It 'is an affirmative defense that may be waived if it is not pleaded by the defendant'" (quoting *Cole* v. *State*, 135 Idaho 107, 110, 15 P. 3d 820, 823 (2000); citation omitted)); *People* v. *Boclair*, 202 Ill. 2d 89, 101, 789 N. E. 2d 734, 742 (2002) (holding that time bar for filing postconviction petition is "an affirmative defense and can be raised, waived, or forfeited, by the State"). What is more, whether a time limit is jurisdictional or an affirmative defense is often a disputed question, as the interpretive history of Rule 32.2(c) itself illustrates, see *Ex parte Ward*, No. 1051818, 2007 WL 1576054, *6 (Ala., June 1, 2007) (noting confusion in the Alabama lower courts over whether Rule 32.2(c) is jurisdictional). Under the Court of Appeals' approach, federal habeas courts would have to delve into the intricacies of state procedural law in deciding whether a postconviction petition rejected by the state courts as untimely was nonetheless "properly filed" under §2244(d)(2). Our decision in *Pace* precludes such an approach.

We therefore reiterate now what we held in *Pace*: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)." 544 U. S., at 414 (quoting *Carey*, 536 U. S., at 226; alteration

Per Curiam

in original). Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under §2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations.

The petition for certiorari is granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

RICHARD F. ALLEN, COMMISSIONER, ALABAMA
DEPARTMENT OF CORRECTIONS *v.* DANIEL
SIEBERT

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 06–1680.   Decided November 5, 2007

JUSTICE STEVENS, with whom JUSTICE GINSBURG joins,
dissenting.

There is an obvious distinction between time limits that
go to the very initiation of a petition, and time limits that
create an affirmative defense that can be waived.  Com-
pare the majority and dissenting opinions in *John R. Sand
& Gravel Co.* v. *United States*, 457 F. 3d 1345 (CA Fed.
2006), cert. granted, 550 U. S. __ (2007).  The time limit
under consideration in *Pace* v. *DiGuglielmo*, 544 U. S. 408
(2005), was of the former kind—as the Court's opinion
expressly noted.  See *id.,* at 417 (discussing "time limits,
which go to the very initiation of a petition and a court's
ability to consider that petition").  The time limit at issue
in this case is of the latter, distinguishable kind—as the
Court of Appeals correctly stated.  480 F. 3d 1089, 1090
(CA11 2007) (holding that *Pace* did not address statutory
tolling for "a statute of limitations that operated as an
affirmative defense").

It is true that there is language in the majority opinion
in *Pace* that is broad enough to cover both kinds of limita-
tions provisions, but only the former (those that do not
operate as affirmative defenses) can even arguably provide
a reasonable basis for concluding that an untimely petition
has not been "properly filed" within the meaning of the
Antiterrorism and Effective Death Penalty Act of 1996, 110

Stat. 1214 (AEDPA).*  I therefore respectfully dissent.

───────────

*I continue to believe, as stated in my dissent in *Pace*, 544 U. S., at 427, that state timeliness bars that operate like procedural bars (for example, those that require the courts to consider enumerated exceptions) should not determine whether a state postconviction petition is "properly filed" under AEDPA.  Even accepting *Pace*, however, this case is distinguishable and should not be summarily reversed.