Jericho Lee JONES, Petitioner–
Appellant,

v.

Dora B. SCHRIRO, Director; et
al., Respondents–Appellees.

No. 06–16961.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Jericho Lee Jones, Florence, AZ, pro se.

Dawn Marie Northup, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jericho Lee Jones, an Arizona state prisoner, appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's dismissal of a petition for habeas corpus as untimely, *see Bryant v. Schriro*, 499 F.3d 1056, 1059 (9th Cir.2007), and we affirm.

The trial court dismissed Jones's Arizona Rule of Criminal Procedure 32 petition on October 18, 2002. Arizona law entitled Jones to file a petition for review in the state court of appeals within thirty days. Ariz. R. Crim. P. 32.9(c). Because Jones did not file a timely petition for review, his conviction became final on November 18, 2002. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir.2007) ("Because a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). Accordingly, Jones had until November 19, 2003, to file a section 2254 petition. 28 U.S.C. § 2244(d)(1)(A); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.2007). Jones did not file his section 2254 petition until after November 19, 2003. Consequently, absent tolling, Jones's federal habeas petition was untimely filed.

Jones contends that he is entitled to tolling under 28 U.S.C. § 2244(d)(2). Jones has not demonstrated, however, that a petition for review of the dismissal of an of-right Rule 32 proceeding implicates section 2244(d)(2). Moreover, even assuming that Jones's petition for review constituted an "application for State post-conviction or other collateral review," *see* 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 2244(d)(2), the petition was rejected as untimely by the state court of appeals. Therefore, it was not "properly filed" and did not toll the limitations period. *See Allen v. Siebert,* —— U.S. ——, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Jones further contends that he is entitled to equitable tolling. We disagree because the record reflects that Jones did not pursue his rights diligently. *See Pace,* 544 U.S. at 418–19, 125 S.Ct. 1807; *Bryant,* 499 F.3d at 1061.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.