Peter CHANG, Petitioner—Appellant,

v.

Vincent J. IARIA, Chief Probation
Officer, San Diego County,
Respondent—Appellee.

No. 07–56300.

United States Court of Appeals,
Ninth Circuit.

Submitted July 18, 2008.*

Filed July 22, 2008.

John Owen Lanahan, Esq., Law Offices of John O. Lanahan, San Diego, CA, for Petitioner–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lise S. Jacobson, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Peter Chang appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his 2003 California conviction for sexual penetration accomplished by fraud and misdemeanor sexual battery. The district court held that Chang's state habeas petition filed with the trial court and rejected as untimely was not properly filed for purposes of 28 U.S.C. § 2244(d)(2) statutory tolling and dismissed the federal petition as untimely under 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo. *Thorson v. Palmer,* 479 F.3d 643, 644 (9th Cir.2007). We affirm.

If a state court rejects a state post-conviction petition as untimely, the petition is not properly filed and 28 U.S.C. § 2244(d)(2) will not toll the limitations period. *Allen v. Siebert,* —— U.S. ——, 128 S.Ct. 2, 4–5, 169 L.Ed.2d 329 (2007); *Evans v. Chavis,* 546 U.S. 189, 194, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). An untimely state petition is not "properly filed," even if the state court also addresses the merits of the claim or the timeliness ruling is "entangled with the merits." *Pace v. DiGuglielmo,* 544 U.S. 408, 413–15, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005);

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Carey v. Saffold,* 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

The California trial court expressly found that Chang waited an unreasonable time after direct review to file his state habeas petition and that the petition was untimely filed. As a result, the state trial court petition was not properly filed and did not statutorily toll the limitations period. *Siebert,* 128 S.Ct. at 2–4. The fact that the trial court ruled in the alternative on the merits is irrelevant. *Saffold,* 536 U.S. at 225–26, 122 S.Ct. 2134.

AFFIRMED.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.