[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12399
Non-Argument Calendar

_____

D. C. Docket No. 08-61911-CV-JIC

DEAN JAMES DELGUIDICE,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 4, 2009)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Dean James Delguidice appeals the district court's dismissal of his counseled petition for writ of habeas corpus, under 28 U.S.C. § 2254. The district court found that Delguidice's § 2254 petition was not properly filed under Florida state rules, and thus, was untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). There is no dispute that Delguidice filed his first, and unsworn, Rule 3.850 motion before the one-year AEDPA statute of limitations was set to expire, and that he filed an amended, and sworn, Rule 3.850 motion after the one-year period.

On appeal, Delguidice argues that his unsworn Rule 3.850 motion was properly filed, because it was accepted by the state court and not dismissed as improperly filed for lacking verification.[1] He contends that, under Florida rules, the oath requirement need not be fulfilled at the time a motion is filed, and that other state rules allow for post-conviction motions to be amended at any time. He also argues that the oath requirement is not a rule that is "firmly established and regularly followed," so his Rule 3.850 motion was still "properly filed." He

---

[1] Delguidice also argues that his attorney's signature on his Rule 3.850 motion satisfied Florida's oath requirement. He did not raise this argument below, and, therefore, it is waived. *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000).

alternatively asserts equitable tolling and "actual innocence"[2] claims to overcome any time-bar.

We review *de novo* a district court's dismissal of a federal habeas petition, including the determination that a petition is time-barred under 28 U.S.C. § 2244(d) and is not subject to equitable tolling. *See Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006) (time-barred); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002) (equitable tolling). A district court's findings of fact, including whether a party acted diligently, are reviewed under the clear error standard. *Drew*, 297 F.3d at 1283. Arguments raised for the first time on appeal are not properly before this court. *Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000).

The AEDPA establishes a one-year statute of limitations for filing § 2254 petitions, which begins to run following the latest of four events, one of which is the day that the judgment becomes "final." 28 U.S.C. § 2244(d)(1). The judgment becomes final on the day which the United States Supreme Court issues a decision

---

[2] We decline to address the actual innocence claim, because the district court's Certificate of Appealability ("COA") did not include this issue, *see, e.g.*, *Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007) (declining to address a petitioner's actual innocence claim because the COA did not include this issue), and because we have never held that an actual innocence exception exists to the one-year AEDPA statute of limitations, *see, e.g.*, *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004). Nevertheless, because the evidence that Delguidice relies on was previously presented at his trial in state court, it is not "newly discovered," and, therefore, does not support an actual innocence claim. *See Sibley*, 377 F.3d at 1205 (holding that, before addressing whether such an exception exists, an inmate must first raise "new facts" and demonstrate that, in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him).

on the merits of the petitioner's direct appeal, denies *certiorari*, or after the expiration of the 90 days in which the petitioner could file a petition for *certiorari*. *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002).

Under either trigger date, the limitations period is tolled during the time "a *properly filed* application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Although the federal statute does not define "properly filed," the Supreme Court has construed those words. *See Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Specifically, "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8, 121 S. Ct. at 364. The *Artuz* Court explained that the laws and rules about filings "usually prescribe, for example, the form of the document, the time limits upon its delivery [and] the court and office in which it must be lodged . . . ." *Id.* at 8, 121 S. Ct. at 364. Moreover, an application that was erroneously accepted without complying with procedural requirements will be pending, but it will not be "properly filed." *Id.* at 9, 121 S. Ct. at 364. "Quite simply, the Supreme Court said that 'when a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2),' because, 'time limits, no matter their

4

form, are 'filing' conditions.'" *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1316 (11th Cir. 2006) (citing *Pace*, 544 U.S. at 414, 417, 125 S. Ct. at 1812, 1814) (alterations omitted). Under *Artuz*, we give "due deference" to state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed" under § 2244(d)(2), *see Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004), but those rules must be "firmly established and regularly followed," *see Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003).

In Florida, a state prisoner may file a post-conviction motion challenging his conviction within two years from entry of a final judgment in a noncapital case. Fla. R. Crim. P. 3.850(b). The Florida Rules of Criminal Procedure require that a motion to vacate, set aside, or correct sentence be under oath. *See* Fla. R. Crim. P. 3.850. The Rules also require that motions for post-conviction relief be "legibly handwritten or typewritten," signed by the defendant and contain a notarized oath. *See* Fla. R. Crim. P. 3.987. Alternatively, Rule 3.987 allows the defendant to include an unnotarized oath, which states that "[u]nder penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true." *Id.* The two-year period allowed for filing a Florida post-conviction motion does not expand the AEDPA's one-year statute of limitations period. *Tinker v.*

5

*Moore*, 255 F.3d 1331, 1334-35 (11th Cir. 2001). Importantly, a state post-conviction motion is not "properly filed" under § 2244(d)(2) if it fails to comply with Florida's written oath requirement. *Hurley*, 233 F.3d at 1297.

In *Melson v. Allen*, 548 F.3d 993 (11th Cir. 2008), *cert. denied*, 2009 WL 2160589 (U.S. Oct. 5, 2009) (No. 09-5373), we held that an inmate's state post-conviction motion, which was dismissed by the state court for failure to comply with the rule requiring verification, was not "properly filed" within the meaning of the tolling provision of the one-year limitations period for federal habeas corpus petitions, regardless of the fact that the verification requirement was non-jurisdictional, subject to waiver, and curable by amendment. *Melson*, 548 F.3d at 997 ("'[N]o matter their form' and regardless of whether they are 'jurisdictional, an affirmative defense, or something in between,' state rules which establish filing conditions fall within the meaning of 'properly filed' under § 2244(d)(2).") (quoting *Allen v. Siebert*, 552 U.S. 3, __, 128 S. Ct. 2, 4, 169 L. Ed. 2d 329 (2007)) (alterations omitted). We also held that the inmate's amended state post-conviction motion, which corrected the verification deficiencies of the previously filed motion, but was filed after expiration of the one-year AEDPA limitations period, did not toll the limitations period, as the limitations period had already expired. *Id*. at 998. Moreover, we held that the inmate could not "attempt

to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute." *Id.* (quoting *Sibley*, 377 F.3d at 1204).

"Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Drew*, 297 F.3d at 1286 (internal quotation marks and alteration omitted). Equitable tolling is an extraordinary remedy that is typically applied sparingly, and only when a petitioner establishes that he did not timely file a petition because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* (internal quotation marks omitted). In the absence of a showing of diligence, a petitioner is not entitled to equitable relief. *Id.* at 1289.

Although the record demonstrates that the state court accepted Delguidice's first post-conviction motion and the state court did not dismiss it as improperly filed, we conclude that, it was not "properly filed," because it failed to comply with Florida's written oath requirement. Delguidice has not demonstrated that the oath requirement is a rule that is not "firmly established and regularly followed." To the extent that Florida requirements were "non-jurisdictional, subject to waiver, and curable by amendment," the oath requirement is a filing condition that falls

within the meaning of "properly filed" under § 2244(d)(2). Consequently, while his amended motion, which corrected the verification deficiencies of his previously filed motion, was submitted within the two-year limitations period under Florida rules, the Florida Rules do not expand the AEDPA's one-year statute of limitations period, and do not resurrect an expired limitations period.

Additionally, we conclude that the district court did not clearly err in finding that Delguidice was not diligent in filing his post-conviction motion within the one-year AEDPA deadline, as he waited until two days before the expiration of that deadline to file his first Rule 3.850 motion. There was no evidence that he was prevented from filing his federal habeas petition on time, and the other reasons provided by Delguidice do not constitute extraordinary circumstances. As such, because Delguidice was not diligent in pursuing his post-conviction claims, the district court properly denied him the extraordinary remedy of equitable tolling. Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**