**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYD EUGENE BARNES, | No. 07-56665 |
| Petitioner - Appellant, | D.C. No. CV-06-01849-BTM |
| v. | |
| R. CAMPBELL, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

California state prisoner Floyd Eugene Barnes appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We

have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

SMS/Research

The district court did not err when it dismissed Barnes' habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). Barnes' state habeas petition filed in the San Diego Superior Court did not toll AEDPA's limitations period because it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (applying *Pace* to California's timeliness rule for postconviction petitions), *as amended*, 439 F.3d 993 (9th Cir. 2006). Barnes' contention that application of *Pace* to this case violates the constitution's Ex Post Facto clause is without merit. *See Allen v. Siebert*, 552 U.S. 3 (2007) (per curiam) (applying *Pace* to a habeas petition filed before *Pace* was decided).

Barnes contends the district court erred because it failed to determine whether California's timeliness rule is "adequate." A state's timeliness rule is a "condition to filing" and not a "procedural bar." *Pace*, 544 U.S. at 417. Therefore, "whether a condition to filing is firmly established and regularly followed is irrelevant." *See Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009).

**AFFIRMED.**