[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14291
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-00020-WLS-TQL

ROGER KING,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 10, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Roger King, a Georgia prisoner, pro se appeals the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations.  On appeal, King argues that his petition was timely and that he has presented a valid ineffective assistance of counsel claim.  We granted King a certificate of appealability (COA) as to "[w]hether the district court erred in dismissing as time-barred King's 28 U.S.C. § 2254 habeas corpus petition?"  After review, we conclude the district court correctly dismissed King's § 2254 petition as time-barred and affirm.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), imposes a one-year statute of limitations for petitions filed pursuant to § 2254, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Put another way, a petitioner's limitations period under AEDPA ends "one year from the day after" the criminal judgment became final.  McCloud v. Hooks, 560 F.3d 1223, 1229 (11th Cir. 2009).

Here, as the district court correctly determined, King's 2004 conviction for conspiracy to possess cocaine with intent to distribute became final on May 1, 2006.  The Georgia Court of Appeals affirmed King's conviction and sentence on

---

[1]We review de novo the dismissal of a federal habeas petition as time-barred under 28 U.S.C. § 2244(d).  Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1155 (11th Cir. 2014), cert. denied, 135 S. Ct. 1905 (2015).

June 22, 2005, and the Supreme Court of Georgia denied his petition for certiorari on January 30, 2006. As such, King's conviction became final 90 days later, on Sunday, April 30, 2006. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). Because the last day for filing a petition for certiorari with the U.S. Supreme Court fell on a Sunday, the one-year statute of limitations began to run on Monday, May 1, 2006. See Fed. R. Civ. P. 6(a)(1)(C). Thus, King had 365 days from May 1, 2006, or through May 1, 2007, to file a timely § 2254 petition, unless that time period was statutorily or equitably tolled. See 28 U.S.C. § 2244(d)(1)(A).[2]

The district court also correctly concluded that statutory tolling did not render King's § 2254 petition timely. The one-year limitations period for filing a § 2254 petition is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). King first tolled his AEDPA statute of limitations on July 12, 2006, 71 days after his conviction became final, when he filed a motion to void his conviction and sentence in state court. That motion became final on February 9, 2009, when the Georgia Court of Appeals affirmed the state court's denial of the motion. See King v. State, 295 Ga. App. 865, 673 S.E.2d 329 (Ga. Ct. App. 2009). At that time, King no longer had a

---

[2]King presented no evidence of extraordinary circumstances that would entitle him to equitable tolling. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

3

properly filed collateral review proceeding pending, and his AEDPA time period began to run again.[3]

The AEDPA limitations period ran for 48 days until, on March 30, 2009, King filed a state habeas petition and tolled the period again.  At that point, 119 days (71 + 48) of untolled time had expired as to King's AEDPA 365-day limitations period.  The state habeas court denied the 2009 habeas petition on March 11, 2013.  The AEDPA limitations period was tolled until April 10, 2013, the last day on which King could have filed a timely certificate of probable cause ("CPC") application in the Georgia Supreme Court challenging the state habeas court's ruling.  See O.C.G.A. § 9-14-52(b); Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004).

While King did file a CPC application challenging the denial of his 2009 state habeas petition, it was dismissed as untimely.  In doing so, the Georgia Supreme Court explained that it was unable to file King's application until April 18, 2013, when he properly submitted the application with an indigency affidavit, which was more than 30 days after the state habeas court denied his petition.  See O.C.G.A. § 9-14-52(b); Ga. Sup. Ct. R. 5 (2013).  Thus, the AEDPA limitations began to run again on April 10, 2013.  See Artuz v. Bennett, 531 U.S. 4, 8, 121 S.

---

[3]King's 2008 state habeas action did not challenge his 2004 drug conspiracy conviction and thus could not toll time for purposes of the AEDPA.  See 28 U.S.C. § 2244(d)(2) (allowing tolling only while a "properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." (emphasis added)).

Ct. 361, 363-64 (2000) (holding that a state post-conviction action is "properly filed" for § 2244(d)(2) purposes "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee" (footnote omitted)); see also Allen v. Siebert, 552 U.S. 3, 7, 128 S. Ct. 2, 4 (2007) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks and brackets omitted)).

King did not file the present § 2254 petition until January 29, 2014, 293 days after April 10, 2013.  Thus, a total of 412 days (71 + 48 + 293) of untolled time elapsed between May 1, 2006, when King's conviction became final, and January 29, 2014, when he filed the instant § 2254 petition.  As such, King's § 2254 petition was filed more than a year after his conviction became final.

For these reasons, the district court properly dismissed King's § 2254 petition as time-barred.

**AFFIRMED.**