Paul S. HENDERSON, Petitioner-
Appellant,

v.

Jason BUNTING, Warden,
Respondent-Appellee.

No. 16-3337

United States Court of Appeals,
Sixth Circuit.

Filed April 14, 2017

Paul S. Henderson, Pro Se

Stephanie Lynn Watson, Office of the
Attorney General of Ohio, Columbus, OH,
for Respondent-Appellee

Before: SILER, BATCHELDER, and
GRIFFIN, Circuit Judges.

## ORDER

Paul S. Henderson, an Ohio prisoner
proceeding pro se, appeals a district court
judgment denying his petition for a writ of
habeas corpus filed pursuant to 28 U.S.C.
§ 2254. This case has been referred to a
panel of the court that, upon examination,
unanimously agrees that oral argument is
not needed. *See* Fed. R. App. P. 34(a).

In 2009, Henderson pleaded guilty to
drug trafficking. He was sentenced on Au-
gust 18, 2009, to serve three years of com-
munity control (probation) and ordered to
pay a fine in the amount of $5,000. He
quickly violated the terms of his communi-
ty control and, on September 30, 2009, his
community control sentence was terminat-
ed and a three-year sentence of imprison-
ment was imposed. He did not file a timely
appeal.

In 2010, a jury found Henderson guilty
of drug trafficking, drug possession, and
possession of criminal tools. He was sen-
tenced on June 15, 2010, to serve a total of
nine years of imprisonment and ordered to
pay a fine in the amount of $7,750.
Henderson did not file a timely appeal, but
the Ohio Court of Appeals granted his
September 2, 2010 motion for leave to file
a delayed appeal. The Ohio Court of Ap-

peals affirmed Henderson's convictions. *State v. Henderson*, No. 95655, 2012 WL 892905 (Ohio Ct. App. Mar. 15, 2012). The Ohio Supreme Court dismissed Henderson's appeal on September 5, 2012.

In the meantime, in 2011, Henderson filed a § 2254 petition for a writ of habeas corpus. The district court dismissed Henderson's petition without prejudice for failure to exhaust available state court remedies and declined to issue a certificate of appealability. This court denied a certificate of appealability. *Henderson v. Beightler*, No. 11-3824 (6th Cir. Mar. 29, 2012) (unpublished order).

Henderson filed a post-conviction motion to correct sentence on April 17, 2013. The trial court denied Henderson's motion on May 15, 2013, and he did not appeal. Also on April 17, 2013, Henderson filed a "motion to vacate void judgment(s), conviction(s), and sentence(s)." He filed additional similar motions to vacate on May 20, 2013; June 12, 2013; and July 15, 2013. The trial court denied Henderson's motions on August 6, 2013. Henderson filed a fifth motion to vacate on August 8, 2013. The trial court denied that motion on August 26, 2013. Henderson appealed the trial court's two journal entries denying his motions to correct sentence and to vacate. The Ohio Court of Appeals affirmed the denial of Henderson's fifth motion to vacate. *State v. Henderson*, No. 100374, 2014 WL 2466106 (Ohio Ct. App. May 29, 2014). The state appellate court concluded that Henderson's appeal was untimely as to the trial court journal entries denying his motion to correct sentence and first four motions to vacate. *Id.* at *1 n.1. Regarding the fifth motion to vacate, the denial of which Henderson had timely appealed, the Ohio Court of Appeals concluded that his claims were barred by res judicata and that he had "no reasonable basis for filing the current appeal." *Id.* at *2. The Ohio

Court of Appeals denied en banc review on June 16, 2014, noting that the "sole basis for the panel's decision was that [Henderson's] arguments were barred by res judicata." Henderson did not appeal.

Henderson also filed an application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B) on May 7, 2013. The Ohio Court of Appeals denied the application as untimely on June 19, 2013. Henderson did not pursue an appeal to the Ohio Supreme Court.

Henderson dated this habeas corpus petition October 3, 2014, and it is considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Henderson's habeas corpus petition raised six grounds for relief challenging both his 2009 and 2010 convictions. On the recommendation of a magistrate judge and over Henderson's objections, the district court denied Henderson's habeas corpus petition as time-barred and declined to issue a certificate of appealability.

This court granted a certificate of appealability "in part as to Henderson's 2010 convictions and denied [it] in part as to his 2009 conviction" and directed the parties to brief the following issues: "whether Henderson's post-judgment motions to vacate were 'properly filed' within the meaning of § 2244(d)(2) so as to toll the statute of limitations and whether Henderson's § 2254 habeas corpus petition was timely filed as to his 2010 convictions." *Henderson v. Bunting*, No. 16-3337, Order at 6 (6th Cir. Aug. 22, 2016) (unpublished). The parties have now filed their briefs. Henderson has filed a motion "to enforce the laws of the 14th Amendment and [Ohio Revised Code] § 1901.20(B)" and "for judgment on establishment of a date certain for oral hearing, and conveyance order, pursuant to Civil Rule 12(C)." He also

requests this court to take judicial notice of a recent Ohio Supreme Court decision.

We review de novo a district court's denial of a habeas corpus petition as time-barred. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

A federal habeas corpus petition is subject to a one-year statute of limitations that begins to run from the latest of four possible circumstances. 28 U.S.C. § 2244(d)(1). Here, the statute of limitations began to run from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other three circumstances is applicable in this case. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). The ninety-day period during which a petitioner may seek review of his convictions in the United States Supreme Court is included in the direct review process, and the statute of limitations will not begin to run until that time has expired. *Lawrence v. Florida*, 549 U.S. 327, 333, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). The limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Unlike the direct review process set forth in § 2244(d)(1), "the filing of a petition for certiorari before [the United States Supreme] Court does not toll the statute of limitations under § 2244(d)(2)." *Lawrence*, 549 U.S. at 337, 127 S.Ct. 1079.

Henderson's 2010 convictions initially became final on July 15, 2010, because he did not file a timely direct appeal. *See* Ohio R. App. P. 4(A). But because Henderson's motion for a delayed appeal was granted by the Ohio Court of Appeals, his direct appeal was restored and remained pending until its conclusion. *See Jimenez v. Quarterman*, 555 U.S. 113, 120, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). Henderson's convictions became final on December 5, 2012, ninety days after the Ohio Supreme Court dismissed his appeal on September 4, 2012. Thus, absent tolling, Henderson had one year from December 5, 2012 to timely file his habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1).

The statute of limitations ran uninterrupted for 134 days, from December 5, 2012, until April 17, 2013, when Henderson filed his post-conviction motion to correct sentence. The statute of limitations was tolled during the pendency of that motion for 59 days, from its filing on April 17, 2013, through June 15, 2013, the expiration date of the thirty-day time period during which Henderson could have appealed its denial but did not. *See* Ohio R. App. P. 4(A); *Holbrook v. Curtin*, 833 F.3d 612, 618 (6th Cir. 2016), *petition for cert. filed*, No. 16-931 (Jan. 24, 2017). Although Henderson filed a Rule 26(B) application to reopen his direct appeal, that application did not toll the statute of limitations because it was denied as untimely and thus not "properly filed." A post-conviction petition that "was rejected as untimely" by the state courts because it did not follow applicable state law or rules is not " 'properly filed' under § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007).

Since the Rule 26(B) application did not toll the statute of limitations, the limitations period would have begun to run again on June 16, 2013. However, at that time, Henderson's five post-conviction motions to vacate, the first filed on April 17, 2013, were pending. These motions and the trial court's journal entries denying them overlapped such that they did not become final until July 31, 2014, on expiration of the 45-day period during which he could have filed a timely appeal to the Ohio Supreme Court from the June 16, 2014

journal entry of the Ohio Court of Appeals denying en banc review of its decision affirming the denial of Henderson's post-conviction motion. *See* Ohio S. Ct. Prac. R. 6.01(A)(1).

This case turns on the certified issue—whether Henderson's post-conviction motions to vacate were properly filed so as to toll the statute of limitations. The answer is yes. A post-conviction pleading is "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). When determining whether an application for post-conviction relief is "properly filed," it is not necessary to consider "whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* at 9, 121 S.Ct. 361.

Henderson's motions to vacate were denied because they were barred by Ohio's res judicata doctrine. Res judicata is applied as a procedural bar in Ohio to prevent litigation of certain claims on post-conviction review. *Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012). "[U]nder Ohio's *res judicata* doctrine, a defendant may not raise a claim in a post-conviction proceeding that either could have been or actually was fully litigated at trial or on direct appeal." *Id.* This is the same type of procedural bar that does not prevent a post-conviction motion from being "properly filed" for purposes of tolling under § 2244(d)(2). *Artuz*, 531 U.S. at 10–11, 121 S.Ct. 361 (holding that state law rules similar to Ohio's doctrine of res judicata established conditions "to obtaining relief" rather than conditions "to filing")..

The Ohio Court of Appeals' conclusion that Henderson was a vexatious litigator satisfied one of the "filing requirements" cited in *Artuz*. But in Henderson's case, the appellate opinion in question determined only that Henderson qualified as a vexatious litigator with respect to *future* filings, rather than declining to accept the action in question for filing on that basis. *See Henderson*, 2014 WL 2466106, at *3.

Even though Henderson's multiple motions to vacate were ultimately denied on a procedural ground—res judicata—they were accepted for filing and "properly filed" within the meaning of § 2244(d)(2). None of the motions was rejected for failure to follow any state filing laws or rules. Henderson's state post-conviction motions were plainly successive because they were not filed pursuant to any vehicle recognized by Ohio statute or rule. Generally, an impermissible successive post-conviction motion is not considered properly filed under § 2244(d)(2). *See Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012). But here, the Ohio Court of Appeals accepted at least Henderson's fifth post-conviction motion for filing, and, in denying relief, did not rely on the reason now cited by the respondent. *See Henderson*, 2014 WL 2466106, at *1–2.

Because Henderson's motions to vacate were "properly delivered and accepted" for filing by the state courts, they tolled the statute of limitations during their pendency from April 17, 2013, through July 31, 2014, forty-five days after the Ohio Court of Appeals denied en banc review of its decision affirming the denial of one of Henderson's motions to vacate. At that point, Henderson had 231 days remaining in the one-year limitations period (365 minus 134), or until March 19, 2015, to timely file his habeas corpus petition. Henderson's habeas corpus petition, considered filed on October 3, 2014, was filed before March 19, 2015, and was therefore timely filed as it relates to his 2010 convictions.

In his appellate brief, Henderson asks us to expand the certificate of appealability and consider whether his habeas corpus

petition is time-barred as it relates to his 2009 conviction. This court has already denied Henderson a certificate of appealability with respect to the 2009 conviction, and we thus lack jurisdiction to consider the matter. *See United States v. Bryant*, 246 F.3d 650, 653 (6th Cir. 2001).

Accordingly, we **DENY** Henderson's pending motion and request for judicial notice, **VACATE** the district court's judgment denying his habeas corpus petition as time-barred as it relates to the 2010 convictions, and **REMAND** this case for further proceedings.