[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12831
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cr-00345-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELLIS MCCLAIN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 15, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Ellis McClain, Jr., appeals his forty-six-month, bottom-of-the guidelines

sentence of imprisonment, which was imposed after he pleaded guilty to

possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).[1]

McClain's firearm was found during a search of his residence executed by law

enforcement pursuant to a search warrant.[2]   McClain first argues that the District

Court erred in finding that he possessed a firearm in connection with another

felony offense, and thus the Court improperly applied U.S.S.G. § 2K2.1(b)(6)(B)'s

four-level enhancement.  Second, McClain argues that, for a variety of reasons, his

sentence is substantively unreasonable.  We disagree with both of McClain's

arguments and affirm his sentence.

## I.

Section 2K2.1(b)(6)(B) provides for a four-level enhancement where the

defendant "used or possessed any firearm or ammunition in connection with

another felony offense; or possessed or transferred any firearm or ammunition with

knowledge, intent, or reason to believe that it would be used or possessed in

connection with another felony offense."  The presentence investigation report

based the enhancement on a felony violation of "trafficking in synthetic controlled

---

[1] McClain pleaded guilty without the benefit of a written agreement.

[2] There is some discrepancy between the facts presented in the presentence investigation report and by the drug task force agent who testified at McClain's sentencing.  The presentence investigation report states that the firearm and some synthetic marijuana were found during a protective sweep conducted after law enforcement executed an *arrest* warrant.  The agent testified that some synthetic marijuana was found during this protective sweep, but that the firearm, more synthetic marijuana, and other contraband were found pursuant to a *search* warrant obtained after the arrest warrant was executed.

substances," Alabama Code § 13A-12-231(12).[3]  McClain contends that this enhancement is inapplicable because although he possessed a firearm, the Government failed to prove that he possessed synthetic marijuana.

Whether a firearm was used "in connection with" a felony offense is a factual determination reviewed for clear error.  *United States v. Whitfield*, 50 F.3d 947, 949 (11th Cir. 1995).  Under clear-error review, we will not disturb a district court's factual findings unless we are left with a "definite and firm conviction that a mistake has been committed."  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).  The Government must establish the facts supporting a sentencing enhancement by a preponderance of the evidence—*i.e.*, prove the facts' existence was more probable than not.  *Id.*; *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).  This standard is not toothless; the Government must carry its burden by presenting reliable and specific evidence.  *Almedina*, 686 F.3d at 1315.

At sentencing, the Government called to testify a drug task force agent who executed the search warrant leading to McClain's firearm charge.[4]  He testified that he had been to several narcotics schools and classes and had seen synthetic

---

[3] Alabama Code § 13A-12-231(12) states:

Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of 56 or more grams of a synthetic controlled substance or a synthetic controlled substance analogue, as described in subdivision (4) or (5) of subsection (a) of Section 20-2-23, is guilty of a felony . . . .

[4] *See supra* note 2.  The agent testified that he executed both the arrest warrant and the search warrant.

3

marijuana more than one hundred times.  The agent stated that in July 2015 law enforcement conducted a controlled purchase of drugs from McClain.  The agent clarified that he did not work the case—he "was [only] involved in monitoring the buy"—but believed the purchase to be of synthetic marijuana.

He next testified that he and other agents conducted an arrest warrant related to this controlled purchase.  When the agents entered McClain's residence, McClain "took off running" to the bathroom and flushed items down the toilet.  The agent stated that he saw synthetic marijuana around the toilet and recovered some packages of synthetic marijuana elsewhere in the residence.  Next, another agent obtained a search warrant.  While executing that warrant, the agents recovered a loaded firearm, packages of synthetic marijuana totaling more than fifty-six grams, sets of digital scales, burnt marijuana cigarettes, several baggies containing marijuana and one containing methamphetamine, baggies containing cocaine residue, empty synthetic marijuana bags, and two trash bags containing seven pounds of synthetic marijuana.  The agent testified that none of the synthetic marijuana had been tested, but that he had identified it as such by sight, smell, and experience.

Finally, the agent testified that McClain, while en route to the county jail, spontaneously admitted to another agent that he had flushed synthetic marijuana

4

down the toilet.  The testifying agent was not present for this statement.  Rather, this statement was inscribed in an incident report written by yet a different agent.[5]

McClain contends that this is insufficient evidence of trafficking in synthetic controlled substances because none of the alleged synthetic marijuana was tested. Synthetic marijuana is comprised of illicit chemicals sprayed onto a green, leafy substance—typically an herbal supplement like damiana leaf, which is itself legal. The agent's sight, sense of smell, and experience, McClain asserts, is insufficient evidence that the leaves found contained illicit chemicals.  McClain adds that even if the agent smelled chemicals, this does not prove that the chemical or chemicals allegedly applied to the leaves were ones specifically listed in the Alabama Code as illicit.  Further, the agents found no freestanding chemicals in the residence.

The District Court did not clearly err in applying the U.S.S.G. § 2K2.1(b)(6)(B) enhancement.  The Government presented enough evidence— including testimony recounting McClain running away to flush items down the toilet, his spontaneous admission that synthetic marijuana was flushed,[6] the presence of scales and baggies, and the smell of synthetic marijuana—to prove

---

[5] At sentencing, the Court recognized that this evidence was "double or . . . triple hearsay."  Although the Federal Rules of Evidence do not apply at sentencing proceedings, Fed. R. Evid. 1101(d)(3), it is clear that the Court factored in the unreliability of this evidence when considering its probative value as to whether McClain trafficked in synthetic controlled substances.

[6] We recognize that the hearsay nature of this evidence cuts into its probative value. *See supra* note 5.

that, more likely than not, the substance found was synthetic marijuana.  Further, the firearm was located in close proximity to the drugs and was therefore possessed "in connection with" the drug offense.[7]

## II.

Second, McClain argues that the District Court's sentence was substantively unreasonable because the Court failed to give meaningful consideration to the 18 U.S.C. § 3553(a) factors; gave significant weight to improper considerations, including what McClain might do should he be returned too soon to his community and the fact that nearby communities had recently experienced drug-related shootings; and imposed a sentence greater than necessary to serve the goals of § 3553(a).

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.[8]  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct.

---

[7] U.S.S.G. § 2K2.1(b)(6)(B).  We have consistently interpreted the phrase "in connection with" in the sentencing guidelines expansively and have expressly rejected more restrictive interpretations.  *E.g.*, *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007).  In *United States v. Carillo-Ayala*, 713 F.3d 82, 96 (11th Cir. 2013), for instance, we held that under U.S.S.G. § 5C1.2(a)(2), "a defendant possesses a firearm in connection with a drug offense if the firearm is in proximity to drugs or if the firearm facilitates the drug offense."  Further, subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  U.S.S.G. § 2K2.1 cmt. n.14(A).  "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs," application of subsection (b)(6)(B) "is warranted because the presence of the firearm has the potential of facilitating another felony offense."  U.S.S.G. § 2K2.1 cmt. n.14(B).

[8] McClain challenges his sentence's substantive reasonableness for the first time on appeal.  Though the Government points this out, it does not argue for a plain-error standard of

6

586, 591 (2007).  The party challenging the sentence bears the burden of proving

the sentence unreasonable in light of the record and the § 3553(a) factors.  *United

States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The district court must

impose a sentence "sufficient, but not greater than necessary, to comply with the

purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the

offense, promote respect for the law, provide just punishment for the offense, deter

criminal conduct, and protect the public from the defendant's future criminal

conduct.  18 U.S.C. § 3553(a).  The weight given to any specific § 3553(a) factor is

committed to the sound discretion of the district court.  *United States v. Clay*, 483

F.3d 739, 743 (11th Cir. 2007).  We will reverse only if we are left with a firm

conviction that the district court committed a clear error of judgment in weighing

the § 3553(a) factors by arriving at a sentence that lies outside the range of

reasonable sentences dictated by the facts of the case.  *United States v. Irey*, 612

F.3d 1160, 1186 (11th Cir. 2010) (en banc).

McClain has failed to show that his forty-six-month sentence is

substantively unreasonable in light of the record and the § 3553(a) factors.  When

the District Court imposed McClain's sentence, it stated explicitly that it had

considered the advisory guideline range and the § 3553(a) factors.  Its lengthy

review.  Because we find McClain's sentence substantively reasonable under the more lenient
abuse-of-discretion standard, we need not decide whether to apply plain-error review.

explanation of its rationale for McClain's sentence corroborates this.  Moreover, the Court did not err by considering what McClain might do should he be returned too soon to the community or by emphasizing the recent spate of drug-related shootings that had burdened nearby communities.  These concerns are directly relevant to § 3553(a) factors such as the nature and circumstances of McClain's offense and his criminal history and characteristics, the need to reflect the seriousness of his offense, the need to protect the public from the risk that McClain might reoffend, and the need to deter McClain and others from using guns in furtherance of drug-trafficking activity.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C).  Overall, forty-six months' imprisonment is a substantively reasonable sentence given the facts of this case.

## III.

The District Court did not err in applying U.S.S.G. § 2K2.1(b)(6)(B)'s four-level enhancement or in imposing a forty-six-month sentence.  Accordingly, we affirm McClain's sentence.

**AFFIRMED.**