# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60835
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Cordavia Daniels,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CR-105-1

Before Higginbotham, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Pursuant to a plea agreement, Cordavia Daniels pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court imposed a within-guidelines sentence of 120 months of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60835

imprisonment followed by a five-year term of supervised release. On appeal, Daniels argues that the district court erred procedurally and substantively by considering an irrelevant guidelines range, failing to explain its sentence, and failing to take mitigating factors—such as his age, the influence of his father, and his subsequent good behavior—into account.

When reviewing sentences, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If there is no procedural error, we "then consider[] the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id.* (citation omitted). During both inquiries, we review "the sentencing court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error." *United States v. Robinson*, 741 F.3d 588, 598-99 (5th Cir. 2014).

Because Daniels did not preserve his claims of procedural error, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Daniels must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

Daniels contends that it was a procedural error for the district court to consider what the guidelines range would have been had he been convicted of sex trafficking, rather than the range that resulted from the plea agreement.

2

Generally, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see also United States v. Foley*, 946 F.3d 681, 686 (5th Cir. 2020). Additionally, "[w]hen making factual findings for sentencing purposes, a district court 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (citation omitted). In most circumstances, a presentence report (PSR) "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id.* at 591. Here, in stating at sentencing that "the defendant could have been charged with the crime of sex trafficking," the district court relied on information contained in the PSR, the accuracy of which is not in dispute. Accordingly, the district court did not commit a procedural error by considering the possibility that Daniels's actions could have resulted in a sex trafficking conviction and a higher guidelines range. *See Cisneros-Gutierrez*, 517 F.3d at 764; § 3661.

Daniels's other claims of procedural error are belied by the record. The district court plainly stated that it considered the arguments of Daniels and his attorney, as well as numerous letters from family members asking for leniency. The district court then proceeded to give a long recitation of Daniels's actions, as set forth in the PSR. The district court also explicitly stated that it considered the § 3553(a) factors. Given that the district court imposed a within-guidelines sentence, the explanation was sufficient. *See United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021); *United States v. Becerril-Pena*, 714 F.3d 347, 351 (5th Cir. 2013).

We review Daniels's preserved challenge to the substantive reasonableness of his sentence for an abuse of discretion. *See Gall*, 552 U.S.

at 51. A within-guidelines sentence is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). To rebut this presumption, the appellant must show "that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). Daniels's argument repeating his mitigating factors amounts to a request that "we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *Id.* at 167. Accordingly, he has not shown that the district court abused its discretion.

The sentence imposed by the district court is AFFIRMED.